478 So.2d 885 (1985)
Charles JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-175.
District Court of Appeal of Florida, Third District.
November 26, 1985.
*886 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
Before HUBBART and BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal from judgments of conviction for (1) sexual battery of a child under the age of eleven years, and (2) attempted first degree murder, plus a seventy-five year sentence imposed solely on the sexual battery conviction. Two points are raised by the defendant on appeal; a third point raised in defendant's brief was abandoned at the time of oral argument.
First, the defendant contends that the trial court erred in denying the defendant's motion for judgment of acquittal as to the sexual battery count on the ground that the state failed to establish that the victim was eleven years of age or younger as required by Section 794.011(2), Florida Statutes (1983). Specifically, it is urged that no witness testified below and no documentary proof was adduced as to the age of the victim, which proof is an essential element of the crime. We conclude that the point has not been properly preserved for appellate review. Although the defense counsel moved for a judgment of acquittal at trial, he did not do so based upon the ground now urged on appeal. Instead, he employed a general "boilerplate" motion in which he asserted, without explanation or argument, that the state had failed to prove a "prima facie case" of the crime charged in the indictment, which counsel then tracked as to each element, including age. In so doing, counsel failed to comply with Fla.R.Crim.P. 3.380(b) which requires that the motion for judgment of acquittal "must fully set forth the grounds upon which it is based." (e.s.) Had counsel complied with the rule and specifically brought the ground now urged to the trial court's attention, the error, if any, might have been cured by allowing the state to re-open its case and supply the missing, technical element of age. Under these circumstances, then, the defendant may not now raise the point urged herein for the first time on appeal. Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980); G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977). See also Magueria v. State, 352 So.2d 587 (Fla. 3d DCA 1977).
Second, the defendant contends that the trial court erred in "striking" his defense of insanity allegedly induced by use of intoxicants, by refusing to allow a defense-called psychiatrist to testify that the defendant suffered from a serious amnesic episode, due to prolonged alcoholic consumption prior to and at the time of the crime, and, as a result, became insane at the time of the crime charged herein. The defendant presented no independent testimony or evidence at trial to prove that he was intoxicated at the time of the crime charged. The sole basis for the defense psychiatrist's opinion that the defendant *887 was intoxicated, and therefore insane at the time of the crime charged, was certain out-of-court statements made by the defendant to the said psychiatrist concerning his consumption of intoxicating liquor at the time of the crime. Under these circumstances and based on the rule stated in Cirack v. State, 201 So.2d 706, 710 (Fla. 1967), we think the defense psychiatrist was precluded from rendering an opinion that, at the time of the crime, the defendant was insane due to the excessive use of intoxicants. We reject the defendant's argument that the rule stated in Cirack, which admittedly supports this result, has been receded from in Jones v. State, 289 So.2d 725, 728-29 (Fla. 1974), or vitiated by Section 90.704, Florida Statutes (1983).
The adjudication and sentence for the crime of sexual battery on a child eleven years of age or younger is affirmed; the adjudication for the crime of attempted first degree murder is also affirmed.
Affirmed.