GRIFFIN, Judge,
dissenting.
I respectfully dissent. Rains contends the lower court erred in denying his motion for judgment of acquittal. The denial was not error because the motion was legally insufficient, probably intentionally so. As explained in the majority opinion, the problem is the specific requirement under the 1971 rape statute that the state must prove the element of fear of loss of life by the victim or her resistance to force. This case involved the sexual battery of an eleven-year-old child by her uncle after he coaxed her into his house where he was alone with her. It is true that the victim’s description of the rape does not rise to the level required by the cases interpreting the 1971 statute, but it is not at all clear that sufficient evidence could not have been adduced if this deficiency had been brought to the state’s attention. The problem is that it was not. The sum total of the colloquy at the close of the state’s case concerning the motion for judgment of acquittal was:
DEFENSE COUNSEL: Without further argument, I ask the Court to enter a judgment of acquittal based on the fact that the evidence produced so far is legally insufficient to support the charge under the law that existed in 1971.
THE COURT: Motion denied.
Then, at the conclusion of the trial:
DEFENSE COUNSEL: Your Honor, I think procedurally I need to renew the motions I made at the end of the state’s case.
THE COURT: Renew them on the same grounds?
DEFENSE COUNSEL: Yes, sir.
THE COURT: Same ruling.
It is well established that for an issue involving the denial of a motion for judgment of acquittal to be preserved for appeal, it “must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of the presentation if it is to be considered preserved.” Archer v. State, 613 So.2d 446, 448 (Fla.1993) (quoting Tillman v. State, 471 So.2d 32, 33 (Fla.1985)) (emphasis added). Such a “bare bones” motion which argues, in general terms, that the evidence is insufficient under the applicable statute will not support an appeal of the denial of the motion. See Hardwick v. State, 630 So.2d 1212, 1213 (Fla. 5th DCA 1994).
A “boilerplate” motion, in which a defendant merely argues that the state did not prove a prima fade case, fails to comply with the requirement of Rule 3.380(b) that a motion for judgment of acquittal “must fully set forth the grounds on which it is based.” Fla.R.Crim.P. 3.380(b) (emphasis added). Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985). The trial judge should not be required to divine exactly what the deficiency may be. When a “shotgun” motion fails to specify for the trial judge the way in which the evidence is insufficient, the lower court’s failure to grant the motion is not preserved and cannot be considered for the first time by the appellate court. Cornwell v. State, 425 So.2d 1189 (Fla. 1st DCA 1983). If the defendant believes there is a deficiency, he should describe it forthrightly rather than suggest to the court that his motion is merely a formality. The reasons for such a ploy is obvious — failure to comply with the rule requiring fully setting forth the grounds for the motion keeps the state from seeking leave to re-open its case in order to supply the requisite proof if it is available to the state. 478 So.2d at 886.
In the instant case, defense counsel made what appeared to be a perfunctory motion for judgment of acquittal. He failed to identify what aspect of the evidence was insufficient, or even which element was lacking in proof. The court was entitled to be given that information as well as the authorities on which the defendant now relies. Defense counsel may prefer to be as vague and oblique as possible in a case where the problem lies with the state’s presentation of its case and not the proof it has available to present. The trial of a criminal case is not a game of *817 riddles where defense counsel is permitted to try to stump the court with the obscurity of his argument. The panel decision encourages what it should discourage.