PER CURIAM.
At appellant’s trial for burglary and firpt degree misdemeanor petit theft, the state failed to prove the value of the items stolen from the victim’s residence. Although appellant did not raise the state’s failure of proof of value in his motion for judgment of acquittal, he raises it for the first time on appeal, claiming that it is fundamental error. While appellant relies on Negron v. State, 306 So.2d 104, 107 (Fla.1974), receded from on other grounds by Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), we conclude that State v. Barber, 301 So.2d 7 (Fla.1974), provides the correct rule and requires affirmance.
In Barber, the defendants were convicted of two counts of breaking and entering with intent to commit grand larceny. On appeal, they claimed that there was insufficient evidence of the value of property involved in the larceny, but no motion contesting the sufficiency of the evidence was made in the trial court. The district court reversed despite the lack of preservation, concluding that in the interests of justice the error should be corrected. The supreme court quashed the district court’s opinion, holding:
As we have previously stated ..., unless the issue of sufficiency of the evidence to sustain a verdict in a criminal case is first presented to the trial court by way of an appropriate motion, the issue is not reviewable on direct appeal from an adverse judgment. No such appropriate motion having been made in the trial court in this cause, the question of sufficiency of the evidence was not open to appellate review.
Id. at 9.
Although Negron, which was decided only a few months after Barber, does not discuss the preservation problem, the defendants argued that their grand larceny convictions were fundamentally erroneous because the state’s evidence failed to establish the value of the items stolen. The stolen items had been taken from a Sears store, and the state put on evidence of the cost to Sears of those items, which was less than the amount necessary for a grand larceny conviction. The court was primarily concerned with how the value of stolen property should be established and decided that cost is insufficient to establish value at the time of the theft. See Negron, 306 So.2d at 108. The court held that “[pjroof of the element of value is essential to a conviction for grand larceny and must be established by the State beyond and to the exclusion of every reasonable doubt.” Id. Because such proof was lacking, the court reversed their convictions and remanded for entry of convictions for petty larceny. See id. at 109.
*701 We thus have two supreme court cases which might apply to this case. Barber directly addressed the preservation issue and held that failure to prove value in a grand larceny case could not be addressed on appeal where an appropriate motion challenging the sufficiency of the evidence was not raised in the trial court. Negron appears to have allowed a challenge to the sufficiency of the evidence where no such motion was made, a fact we must assume because the court refers to it as a fundamental error.
There is a good reason for requiring preservation of the issue by requiring it to be raised at trial; the trial court should be given the opportunity to correct the problem. In Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), the defendant was convicted of sexual battery of a child under the age of eleven. The third district held that the defendant could not, for the first time on appeal, argue that he was entitled to a judgment of acquittal because the state failed to prove that the victim was under eleven years of age. See id. at 886. If the defect in proof had been called to the court’s attention by appropriate objection in the trial court, the third district explained, the trial court could have allowed the state to reopen its case and prove the missing element. The reasoning of Johnson is applicable in the present case.
Recently in Puryear v. State, 810 So.2d 901, 905 (Fla.2002), the supreme court made the following point:
We take this opportunity to expressly state that this Court does not intentionally overrule itself sub silentio. Where a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding in the former decision until such time as this Court recedes from the express holding.
Applying that admonition, we affirm in this case on the basis of Barber. We note conflict with T.E.J. v. State, 749 So.2d 557 (Fla. 2d DCA 2000), which under identical facts as we have here relied on Negron.
Affirmed.
WARNER, FARMER and KLEIN, JJ„ concur.