CANTERO, J.
We review F.B. v. State, 816 So.2d 699 (Fla. 4th DCA 2002), which certified conflict with T.E.J. v. State, 749 So.2d 557 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. As explained below, we approve the Fourth District Court of Appeal’s holding that the insufficiency of the evidence to prove one element of a crime does not constitute fundamental error, and therefore this claim must first be raised in the trial court to be preserved for appellate review.
I. The Decisions in Conflict
The operative facts of the two cases are essentially the same. In F.B., the petitioner was adjudicated delinquent on the charge of petit theft of items valued at $100 or more but less than $300, a first-degree misdemeanor. 816 So.2d at 700; see § 812.014(l)(a), (2)(e), Fla. Stat. (1999) (declaring the theft of items valued at $100 but less than $300 to be a first-degree misdemeanor). Although the State presented evidence about the items taken, it offered no evidence of their value. Petitioner failed to object, however, or to move for judgment of acquittal on this ground. Petitioner raised the claim for the first time on appeal, asserting fundamental error. The Fourth District held that under *228 State v. Barber, 301 So.2d 7 (Fla.1974), the issue must be preserved for appeal. 816 So.2d at 701; accord Joseph v. State, 830 So.2d 911, 911 (Fla. 4th DCA 2002) (citing F.B. and affirming burglary of occupied dwelling conviction because insufficient evidence claim was not preserved). Similarly, in the conflict case, T.E.J. argued for the first time on appeal that a delinquency adjudication for first-degree petit theft must be reduced to second-degree because the State failed to prove the value of the stolen items. 749 So.2d at 558. Without mentioning Barber, the Second District Court of Appeal, relying on our decision in Negron v. State, 306 So.2d 104, 107 (Fla.1974), receded from on other grounds by Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), concluded that the “failure of proof on the essential element of value was fundamental error” and reversed. 749 So.2d at 558; accord E.R. v. State, 806 So.2d 529 (Fla. 2d DCA 2001) (reversing third-degree grand theft conviction as fundamental error, relying on T.E.J., because the State failed to prove that the value of the property exceeded $300 and ordering the conviction reduced to second-degree petit theft).[1]
II. Barber and Negron
The courts in F.B. and T.E.J. relied on two different eases from this Court for their opposite holdings. In State v. Barber, 301 So.2d 7, 8 (Fla.1974), the respondents were convicted of two counts of breaking and entering with intent to commit grand larceny. As did the petitioner here, on appeal they alleged that the evidence was insufficient to sustain the conviction on the element of the value of the property stolen. The respondents, contended that the State thus failed to present a prima facie ease and that this constituted fundamental error. Citing a line of prior decisions, we rejected that argument and held that “unless the issue of sufficiency of the evidence to sustain a verdict in a criminal case is first presented to the trial court by way of an appropriate motion, the issue is not reviewable on direct appeal from an adverse judgment.” Id. at 9. Because the issue was not preserved below, we held that it “was not open to appellate review.” Id.
Three months after Barber, we decided Negron v. State, 306 So.2d 104 (Fla.1974), on which the Second District relied in T.E.J. After resolving the conflict issue presented, this Court turned to the petitioners’ contention “that there was fundamental error committed as to them in that they were convicted of grand larceny when the State’s evidence did not support a conviction of grand larceny.” 306 So.2d at 107. Again, the petitioners claimed that the State failed to present sufficient evidence of the value of the items stolen. Without referring to Barber, we reviewed the record and held that the evidence was insufficient to support a grand theft conviction. Id. at 108. We reversed for entry of a petty larceny conviction. Id. at 109.
Although Negron tacitly rests on the assumption that the petitioners’ insufficient evidence claim constituted fundamental error, the Court did not address that issue. Thus, while the Second District’s reliance on Negron is understandable, we again remind the courts that
this Court does not intentionally overrule itself sub silentio. Where a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply *229 our express holding in the former decision until such time as this Court recedes from the express holding.
Puryear v. State, 810 So.2d 901, 905 (Fla.2002) (emphasis added). As explained below, we reaffirm Barber, which did expressly rule on the issue, and recede from Negron to the extent it conflicts with Barber.
III. Preservation and Fundamental Error
We first review the principles underlying the requirement to preserve error for review and the requisites for determining fundamental error, which may be raised for the first time on appeal. In general, to raise a claimed error on appeal, a litigant must object at trial when the alleged error occurs. J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). “Furthermore, in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.” Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). This Court has explained that
[ t]he requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Castor v. State, 365 So.2d 701, 703 (Fla.1978). The requirement of contemporaneous objection thus not only affords trial judges the opportunity to address and possibly redress a claimed error, it also prevents counsel from allowing errors in the proceedings to go unchallenged and later using the error to a client’s tactical advantage. See J.B., 705 So.2d at 1378.
The sole exception to the contemporaneous objection rule applies where the error is fundamental. Id. We have stated that “in order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Brown v. State, 124 So.2d 481, 484 (Fla.1960) (holding that the alleged error “did not permeate or saturate the trial with such basic invalidity as to lead to a reversal regardless of a timely objection”). Thus, an error is deemed fundamental “when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process.” J.B., 705 So.2d at 1378; see also State v. Johnson, 616 So.2d 1, 3 (Fla.1993) (stating that “for an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process”). “The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Smith v. State, 521 So.2d 106, 108 (Fla.1988); see also Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994) (noting that “this Court has cautioned that the fundamental error doctrine should be used Very guardedly’ ”).
IV. Insufficiency of the Evidence and Fundamental Error
As the foregoing discussion suggests, rarely will an error be deemed fundamental, and the more general rule requiring a contemporaneous objection to preserve an issue for appellate review will *230 usually apply. We find that the interests of justice are better served by applying this general rule to challenges to the sufficiency of the evidence. Any technical deficiency in proof may be readily addressed by timely objection or motion, thus allowing the State to correct the error, if indeed it is correctable, before the trial concludes. See Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985) (noting that “[h]ad counsel complied with the rule and specifically brought the ground now urged to the trial court’s attention, the error, if any, might have been cured by allowing the state to re-open its case and supply the missing, technical element of age”).
The deferential standard of review appellate courts apply to claims of insufficiency of the evidence — i.e., “whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment” — further supports our holding. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (clarifying the difference between sufficiency and weight of the evidence and defining the appellate court’s task in reviewing a claim of insufficiency of the evidence). In light of this standard of review and the interests the contemporaneous objection rule serves, we hold that, with two exceptions, a defendant must preserve a claim of insufficiency of the evidence through timely challenge in the trial court.[2]
The first exception is based on the longstanding appellate rule under which, in death penalty cases, this Court is required to review the sufficiency of the evidence to support the conviction. See Fla. R.App. P. 9.140(f). This Court always reviews such eases to determine whether competent, substantial evidence supports the verdict, regardless of whether the issue is preserved for review or even raised on appeal. See, e.g., Brooks v. State, 762 So.2d 879 (Fla.2000); Woods v. State, 733 So.2d 980 (Fla.1999); Archer v. State, 613 So.2d 446 (Fla.1993).
The second exception to the requirement that claims of insufficiency of the evidence must be preserved occurs when the evidence is insufficient to show that a crime was committed at all. This exception is illustrated in two cases. In Troedel v. State, 462 So.2d 392, 399 (Fla.1984), we reversed one of the defendant’s two burglary convictions because “[tjhere was no evidence of more than one such unlawful entry.” We held that “a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.” Id. We applied this rule in Vance v. State, 472 So.2d 734 (Fla.1985), in which the petitioner was charged with two counts of aggravated assault with a deadly weapon and was convicted on each of the lesser-included offense of improper exhibition of a dangerous weapon under section 790.10, Florida Statutes (1981), which prohibits such exhibition “in the presence of one or more persons.” Relying on Troedel’s fundamental error pronouncement, we held that because section 790.10 was only violated once in the single episode, the second conviction was “totally unsupported by evidence.” 472 So.2d at 735.
Thus, an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental error — i.e., an error *231 that reaches to the foundation of the case and is equal to a denial of due process. See, e.g., Stanton v. State, 746 So.2d 1229, 1230 (Fla. 3d DCA 1999) (citing Troedel and stating that “a person who takes temporary possession of contraband for the sole purpose of turning it into the authorities, and promptly does so, is [not] guilty of a crime”); Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998) (reversing conviction because a “conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law”); Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994) (reversing conviction and stating that “[c]onviction of a crime which did not take place is a fundamental error, which the appellate court should correct even when no timely objection or motion for acquittal was made below”); Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989) (reversing conviction as fundamental error because defendant’s conduct did not constitute the crime of which he was convicted).
Y. Conclusion
In conclusion, we reaffirm, with the two discrete exceptions explicated above, the longstanding rule that claims of insufficiency of the evidence must be specifically preserved for appellate review. Accordingly, we approve the Fourth DCA’s decision in F.B. and disapprove the decision in T.E.J.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, and BELL, JJ., concur.

. Since these two cases were decided, the Fourth District has followed F.B. and Barber in another case, see Joseph, 830 So.2d at 911, and the Third District has followed T.E.J., see Stanford v. State, 833 So.2d 174 (Fla. 4th DCA 2002).

. We note that a motion or objection must be specific to preserve a claim of insufficiency of the evidence for appellate review. A boilerplate objection or motion is inadequate. See Brooks v. State, 762 So.2d 879, 894-95 (Fla.2000).