973 So.2d 1211 (2008)
Tonja STAIRS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-177.
District Court of Appeal of Florida, Second District.
January 16, 2008.
James Marion Moorman, Public Defender, and Tanya M. Dugree, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Tonja Stairs challenges her conviction for removing a minor from the State of Florida during a dependency proceeding. See § 787.04(3), Fla. Stat. (2003). Stairs, through her appellate counsel, asserts that her trial counsel was ineffective on the face of the record for neglecting to ask for a jury instruction on a specific defense. She also claims that the court committed fundamental error by failing to give the same jury instruction, even though it was not requested. Finally, she alleges fundamental error in the written jury instructions. After we reviewed the record, we directed the parties to submit supplemental briefs on yet another potential issue involving fundamental error: whether the State failed to present evidence that a crime had been committed. Trial counsel's boilerplate motion for judgment of acquittal did not preserve this issue for our review.
After thoroughly examining the briefs, the supplemental briefs, the record, and the law, we have determined that Stairs's complaints about her trial do not rise to the level of fundamental error. See F.B. v. State, 852 So.2d 226, 229-31 (Fla.2003). And while we question some of counsel's actions and inactions at trial, we are unable *1212 to determine from the face of the record that they constituted ineffective assistance. Such issues are properly raised in, a motion pursuant to Florida Rule of Criminal Procedure 3.850. Our affirmance in this direct appeal is without prejudice to Stairs's right, if any, to file a timely motion under that rule.
Affirmed.
CASANUEVA and SILBERMAN, JJ., Concur.