994 So.2d 1210 (2008)
Stephen F. MONTES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-4294.
District Court of Appeal of Florida, Fifth District.
November 14, 2008.
*1211 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Stephen F. Montes appeals his conviction of aggravated battery with a deadly weapon. Montes contends that the evidence presented at trial was insufficient to sustain his conviction. Because the issue was not preserved for appellate review, we affirm.
The police were dispatched to the home of Misty Kennedy, Montes's girlfriend, as a result of a 911 call she placed. Kennedy told the 911 operator and the responding officer that she and Montes had quarreled, and, in a fit of anger, he hurled a beer bottle at her, which struck and lacerated her chin. At trial, Kennedy recanted, testifying that she was injured when she sat up quickly, bumping her chin on the beer bottle that Montes was holding. She testified that she had lied in her earlier statements "because she was mad" at Montes.
*1212 At the conclusion of the State's case, Montes moved for a judgment of acquittal. He argued that the State failed to prove that his actions were intentional or that a beer bottle could be classified as a deadly weapon. The trial court denied the motion and Montes was convicted.
On appeal, Montes does not raise either of the arguments made below, but instead contends that Kennedy's prior inconsistent statements, recanted at trial, were insufficient to sustain his conviction. Generally, to raise a claimed error on appeal, a litigant must object at trial when the alleged error occurs. F.B. v. State, 852 So.2d 226, 229 (Fla.2003); J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). "Furthermore in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal grounds for the objection, exception or motion below." Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). The only exception to the contemporaneous objection rule required to adequately preserve a matter for appellate review applies when the error is deemed fundamental. J.B., 705 So.2d at 1378. Rarely is an error deemed fundamental, and the general rule requiring a contemporaneous objection to preserve an issue for appellate review applies to challenges to the sufficiency of the evidence.[1]F.B., 852 So.2d at 229, 230.
We conclude that the claimed error was not preserved by specific challenge in the trial court and that no fundamental error occurred. Consequently, we affirm the conviction. In doing so, we express no opinion on the merit of Montes's claim.
AFFIRMED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] Two exceptions exist to the rule that a defendant must preserve a claim of insufficiency of evidence through a timely challenge in the trial court. The first exception applies only in death penalty cases because the supreme court is always required to review the sufficiency of the evidence to support the conviction. "The second exception to the requirement that claims of insufficiency of the evidence must be preserved occurs when the evidence is insufficient to show that a crime was committed at all." F.B., 852 So.2d at 230. Neither exception applies here. Additionally, a motion or objection must be specific to preserve a claim of insufficiency of the evidence for appellate review. A boilerplate objection or motion is inadequate. F.B., 852 So.2d at 230 n. 2; Brooks v. State, 762 So.2d 879, 894-95 (Fla.2000).