BROWNING, J.
 

 A jury found Thomas F. Matheny, Jr. (Appellant) guilty, as charged, of one count of willfully refusing or failing to stop and fleeing a law-enforcement officer, who was driving a patrol vehicle with identifying insignia and who had activated the siren and lights, a violation of section 316.1935(2), Florida Statutes (2007) (Count One); and one count of resisting an officer without violence, a violation of section 843.02, Florida Statutes (2007) (Count Two). The trial court classified Appellant as a habitual felony offender and sentenced him to seven years’ incarceration
 
 *659
 
 on Count One and to time served on Count Two. Because Appellant has not shown fundamental error, we affirm his convictions and sentence.
 

 For the first time on appeal, Appellant contends that the evidence is insufficient to prove either of the two charged offenses. Specifically, he asserts that the State failed to show a willful refusal, failure to stop, or flight from law enforcement or willful resisting of an officer. The sufficiency of the evidence was not challenged in the trial court. In fact, at the end of the State’s case, defense counsel (Mr. Har-grove) orally acknowledged that the State had “barely” presented a prima facie case, so that the case should go to the jury on both counts. Because the question of the sufficiency of the evidence was not preserved via a timely, specific challenge in the trial court, Appellant’s claim is not cognizable on direct appeal unless he can demonstrate fundamental error.
 
 F.B. v. State,
 
 852 So.2d 226, 229 (Fla.2003). Of the two exceptions to the preservation requirement (to challenge the legal sufficiency of the evidence) set forth in
 
 F.B.,
 
 the one applying to death penalty cases obviously is inapplicable here. The second exception applies “when the evidence is insufficient to show that a crime was committed at all.”
 
 Id.
 
 at 230.
 

 We look to the State’s case to determine whether the evidence is sufficient, in the words of
 
 F.B.,
 
 852 So.2d at 230, “to show that a crime was committed at all.” Deputy Kirkland, with the Madison County Sheriffs Office, testified that around 1:30 A.M. on October 16, 2007, as he was traveling southbound on Highway 53 toward Interstate 10, he observed a pickup truck approaching from the opposite direction in the other lane. The deputy’s radar indicated that the pickup truck was going 83 m.p.h. along a 60-m.p.h. stretch of highway. The truck’s right tires went off the roadway onto the grass shoulder for approximately 100 feet. Intending to effect a traffic stop for speeding, Deputy Kirkland pulled over to the shoulder of the road, turned around, and activated his loud sirens and blue strobe lights. His white automobile had the green markings and star insignia clearly indicating it was a sheriffs department vehicle, including a scroll bar on top and “wig-wags” in the headlights. As the deputy pursued the pickup truck driven by Appellant, the truck accelerated, and at one point Deputy Kirkland was going 110 m.p.h. trying to catch up with the pickup truck, which was proceeding at over 100 m.p.h. Deputy Fletcher and Corporal Maurice, driving marked vehicles with activated sirens and lights, got involved in the high-speed pursuit and were following Deputy KirMand. There was no other traffic on the roadway at that hour.
 

 Approximately 1-1/2 minutes into the chase, Appellant slowed to about 65 or 70 m.p.h. and tried unsuccessfully to negotiate a sharp left-hand turn onto Harvey Greene Drive; however, his speed thwarted the turn and forced Appellant to veer back onto Highway 53. A dispatch to the Madison Police Department for assistance informed the police that a truck was eluding the authorities and traveling at a high speed toward the city limits of Madison. Although Appellant was traveling north, he crossed a double yellow line and proceeded over a blind overpass in the southbound lane. As Officer Agner and Sergeant Curtis maneuvered their marked police vehicles so as to block the roadway, Appellant decelerated to about 10 m.p.h. and left the road in an effort to go around the blockade. Shortly afterwards, Appellant’s forward movement was blocked, forcing him to stop on the shoulder of the highway about two miles from where the chase began. Five law-enforcement offi
 
 *660
 
 cers approached with their sidearms drawn and loudly ordered Appellant to get out of the truck due to concerns about officer safety. Appellant did not comply with the several commands to park the pickup truck, shut off the engine, and get out. ' When Sergeant Curtis opened the driver’s side door and grabbed Appellant’s arm to try to remove him from the vehicle, Appellant remained seated, grabbed the steering wheel of the
 
 truck
 
 with both hands, and resisted until Sergeant Curtis was able forcibly to disengage Appellant’s grip and pull him to the ground. The officers then arrested Appellant.
 

 Section 316.1935(2), Florida Statutes (2007), makes it a third-degree felony
 
 willfully
 
 to flee or attempt to elude a law-enforcement officer who is in an authorized law-enforcement vehicle with agency insignia and other prominently displayed jurisdictional markings and activated siren and lights. Certainly, the State presented a prima facie case of Appellant’s willful refusal to stop and flight from law-enforcement officers who were pursuing him in clearly marked patrol vehicles with activated sirens and lights. Likewise, the State presented evidence from which the jury reasonably could conclude that after being ordered to turn off the engine and exit the truck, Appellant wilfully continued to resist, oppose, or obstruct the officer by grabbing the steering wheel until he was forced out of his seat.
 
 See
 
 § 843.02, Fla. Stat. (2007).
 

 While admitting that he “may have been” speeding on the date in question, Appellant testified that he had neither seen the deputies in hot pursuit nor noticed their blue lights in the nighttime until he went up the overpass shortly before being stopped. He denied trying to elude the authorities. Appellant testified he had told the officers that his shift was broken and that if he took his foot off the brake, the truck would move. The conflicts in the evidence relating to the two charges presented classic questions for the jury to weigh and resolve.
 
 See Tibbs v. State,
 
 397 So.2d 1120, 1123 (Fla.1981);
 
 Chaudoin v. State,
 
 362 So.2d 398, 399 (Fla. 2d DCA 1978). The testimonial evidence allowed the jury to find Appellant guilty of both crimes as a matter of law.
 

 Because Appellant has not met the heavy burden to show fundamental error, we AFFIRM the judgment and sentence.
 

 HAWKES, C.J., and VAN NORTWICK, J., concur.