PALMER, J.
Randall Prater (defendant) timely appeals the final orders entered by the trial court adjudicating him guilty of violating his probation and sentencing him to a term of imprisonment. Determining that the evidence presented below was insufficient to prove any violation of probation, we reverse.
In 2006, the defendant pled nolo conten-dere to one count of aggravated battery with a deadly weapon and one count of aggravated assault with a deadly weapon. On the aggravated battery conviction, the defendant received a fifteen-year sentence of probation.
The State later filed an affidavit charging the defendant with violating his probation, alleging that he violated condition five by failing to live and remain at liberty without violating any law.
At the violation of probation (VOP) hearing, the defendant testified that he had had contact with law enforcement and that he had faxed a copy of the citation he received for driving with a suspended license to his probation officer. At the time of the VOP hearing, the charge was still pending. A copy of the citation was submitted into evidence. When asked if he was driving on the date of the citation, the defendant asserted his Fifth Amendment right to remain silent and did not answer. The defendant’s probation officer testified that the defendant had notified him of the contact with law enforcement, and that he had requested to see the citation to deter *491 mine if it was a criminal or civil citation. Upon consideration of this evidence the trial court ruled that the defendant was in violation of his probation.
The defendant contends that the trial court erred by concluding that the State had sustained its burden of proving that he violated condition five by committing a new violation of law. We agree.
The defendant argues that the State did not prove by the greater weight of the evidence the elements of the offense of driving while license suspended. While we agree that the evidence was not sufficient to establish that a crime was committed, this issue was not preserved by the defendant for appellate review by proper objection during the VOP hearing. See F.B. v. State, 852 So.2d 226, 229 (Fla.2003) (explaining that a contemporaneous objection must be made at trial when the alleged error occurred). As such, we must determine whether the error was fundamental.
It is rare that an error will be deemed fundamental and the more general rule requiring a contemporaneous objection will usually apply. F.B., 852 So.2d 226, 229-30 (Fla.2003). However, there is an exception to the contemporaneous objection requirement when the “evidence is insufficient to show that a crime was committed at all.” Id. at 230.
Here, the State did not show that the defendant committed any new crime, but instead, simply submitted evidence that the defendant had contact with a law enforcement officer. It is improper to revoke probation based solely upon proof that the probationer had been arrested. Hines v. State, 358 So.2d 183, 185 (Fla.1978). The State did not show that the elements of the crime of driving while license suspended, revoked, canceled, or disqualified were met. See § 322.34, Fla. Stat. (2010). License suspension, knowledge of the license suspension, and actually driving are the requisite elements of the crime of driving while license suspended. Faircloth v. State, 50 So.3d 788, 790 (Fla. 1st DCA 2010); § 322.34(2), Fla. Stat. (2010). The State did not prove that the defendant’s license was suspended, that the defendant had knowledge of the suspension, or even that he had been driving on the date of the alleged infraction. The defendant’s admission to having contact with law enforcement and receipt of a traffic citation were not sufficient to show that the defendant violated any law. Consequently, since the evidence was insufficient to prove that a crime was committed, it was fundamental error for the trial court to adjudicate the defendant guilty of violating his probation.
REVERSED.
LAWSON and BERGER, JJ„ concur.