PARIENTE; J.,
concurring in result.
Í concur in the majority opinion that ineffective assistance of counsel is apparent from the face of the record. Majority dp. at 402. However, I concur in result because in this ease the State’s’failure to prove that Monroe was eighteen at the time he committed the crimes of sexual battery and lewd and lascivious molestation constituted fundamental error.
Monroe was charged with sexual battery against a person less than twelve years of age by a person eighteen years of age or older, which requires the State to prove that Monroe was over eighteen years of age when he committed the sexual battery. § 794.011(2)(a)',Fla. Stat;(2011). He was also charged with lewd and lascivious molestation on a child less than twelve years old by h person eighteen years and older. § 800.04(5)(b), Fla. Stat. (2011). Clearly then, if the State could not prove that Monroe was eighteen years old at the time of the offenses, there would be insufficient evidence to convict him of either crime because Monroe’s age is an essential element of both crimes.
Further, the defendant’s age determines the available penalty associated with these *405 crimes. The sexual battery count carries a mandatory sentence of life in prison without the possibility of parole, while the lewd and lascivious molestation charge carries a minimum sentence of twenty-five years imprisonment. See § 775.082(l)-(3), Fla. Stat. (2011). Significant to this case is that if Monroe was not eighteen and over, his mandatory sentence of life without parole for a nonhomicide offense would be unconstitutional under the Eighth Amendment. Graham v. Florida, 560 U.S. 48, 74, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Therefore, due to the State’s failure to prove Monroe’s age, the sentence is not only unlawful on its face, but it is unconstitutional under the Eighth Amendment. And under our application of Graham in Henry v. State, 175 So.3d 675 (Fla.2015), and Gridine v. State, 175 So.3d 672 (Fla.2015), the 40-year sentence imposed upon Monroe for the lewd and lascivious molestation conviction may raise constitutional concerns as well.
The fundamental error rule, which serves as an exception to the requirement of a preserved error, is a stringent one indeed, and I have generally endorsed a narrow application of the rule. I concurred in the Court’s unanimous opinion in F.B. v. State, 852 So.2d 226, 229 (Fla.2003), that “rarely will an error be deemed fundamental.” This is that rare case.
Unlike other cases, in this situation, age is not merely a technical element that is easily ascertainable, which the State could supply if brought to its attention. Instead, here, Monroe’s age was the “central issue” of the case that the State attempted, but ultimately failed, to prove with sufficient evidence. See majority op. at 398 (“The central issue during trial focused on whether Monroe had approached T.J. before or after Monroe’s eighteenth birthday on February 27, 2011.”). As the majority explains, “[djespite the best efforts of the State during trial, the prosecutor was unable to elicit testimony from T. J. regarding the exact date that Monroe assaulted him.” Id. at 403.
We have applied fundamental error, albeit sparingly, to cases involving unpre-served errors in closing argument and un-preserved errors in jury instructions that incorrectly set forth the law on an essential element of the offense. See, e.g., State v. Montgomery, 39 So.3d 252 (Fla.2010). Generally, we have held that the defense must preserve a claim of insufficient evidence unless two exceptions apply: when it is a death penalty case; and when there is insufficient evidence that the defendant committed any crime. F.B., 852 So.2d at 230-31. As to the second exception, the Court in F.B. explained:
The second exception to the requirement that claims of insufficiency of the evidence must be preserved occurs when the evidence is insufficient to show that a crime was committed at all....
Thus, an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental error — i.e., an error that reaches to the foundation of the case and is equal to a denial of due process.

Id.

In this case, I recognize that the State has proven the lesser offenses of sexual battery and lewd and lascivious molestation against a person less than twelve years of age by a person younger than eighteen years, so this case would not fall into either of these two exceptions. However, very few crimes hinge on whether the defendant is an adult, and I would include as an extremely rare but exceedingly important third exception to the rule that the defense must preserve a claim of *406 insufficient evidence: when there is insufficient evidence to prove the defendant was an adult and the adult status of the defendant is an essential element of the crime. What makes this situation particularly suitable for application .of the fundamental error standard is that the factual predicate of whether Monroe is. constitutionally eligible to receive the sentences he received for these crimes — proof that he was eighteen or older — is absent.
Alternatively, in the absence of this rare third exception, I would urge that this Court consider adopting the federal standard, which permits a reviewing court to reverse an unpreserved sufficiency of the evidence error to 'avoid a manifest miscarriage of justice. See United States v. Fries, 725 F.3d 1286, 1291 (11th Cir.2013). This standard is not an amorphous open-ended standard. As the Eleventh Circuit explained:
[Wlhere a defendant does not move for acquittal or otherwise ’preserve an argument regarding the sufficiency, of the evidence in the court below, the defendant “must shoulder a somewhat heavier burden: we will reverse the conviction only where- doing so is necessary to prevent a manifest miscarriage of justice.” United States v. Greer, 440 F.3d 1267, 1271 (11th Cir.2006). This standard requires us to find either that the record is devoid of evidence of an essential element of the crime or “that the evidence on a key element of the offense is so tenuous that a conviction would be shocking.” [United States v.] Milkintas, 470 F.3d [1339,] 1343 [ (11th Cir.2006)] (internal quotation marks omitted); see United States v. Wright, 63 F.3d 1067, 1072 (11th Cir.1995).
Id. Under that standard, this case cries out for a reversal.
Accordingly) I disagree with the majority with respect to the applicability of fundamental error to this sufficiency of the evidence claim. However, I concur to the extent that the majority concludes that counsel was ineffective and that Monroe is entitled'to the same relief he would receive if the error was considered fundamental. Therefore, I concur in result.
Either way, this case should be remanded for resentencing with directions to vacate the sexual battery and lewd and lascivious molestation convictions and enter judgments of conviction pursuant to sec: tions 794.011(2)(b) and 800.04(5)(c)l, Florida Statutes (2011). As a juvenile,, in my view, Monroe would then be entitled to be resentenced pursuant to the new juvenile sentencing legislation enacted in. chapter 2014-220, Laws, of Florida. See Henry, 175 So.3d at 680. For all these reasons I concur with the result reached by the majority.