NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEWARDERICK MORRIS,                          )
a/k/a DEWARDERICK MIKKEL                      )
MORRIS,                                       )
                                             )
         Appellant,                )
                                             )
v.                                            )      Case No. 2D16-4084
                                             )
STATE OF FLORIDA,                             )
                                             )
         Appellee.                 )
_____)

Opinion filed January 16, 2019.

Appeal from the Circuit Court for Polk
County; John K. Stargel, Judge.

Marie-Louise Samuels Parmer of The
Samuels Parmer Law Firm, P.A., Tampa,
for Appellant.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Elba Caridad Martin,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.

         Dewarderick Mikkel Morris seeks review, on multiple grounds, of his

convictions and sentences for trafficking in 200 grams or more of cocaine, possession

of a conveyance to be used for trafficking, and possession of drug paraphernalia. The

jury returned guilty verdicts as to all charges.  However, we reverse solely the conviction for possession of a conveyance for trafficking based on fundamental error.  We affirm the other convictions and sentences without comment.

A detective and his K-9 dog were on duty at a UPS distribution center when the detective was alerted to a package.  The package was addressed to "Michael Morris," who did not live at the residential address.  The package was thereafter delivered to the location during a controlled delivery.  Fifteen minutes later, Mr. Morris pulled up to the residence and went inside while his wife waited in the vehicle.  A few minutes later, he came out with the package, put it in the back seat of the vehicle, and left.  The police arrested Mr. Morris shortly thereafter.

Section 893.1351(2), Florida Statutes (2016), prohibits knowingly possessing a "conveyance with the knowledge that the . . . conveyance will be used for the purpose of trafficking in a controlled substance."  To sustain a conviction for this offense, this court has held that the State must present sufficient evidence of a nexus between the use of the vehicle and the crime.  See Hunt v. State, 43 Fla. L. Weekly D2271 (Fla. 2d DCA Oct. 5, 2018) (citing Delgado-George v. State, 125 So. 3d 1031, 1033 (Fla. 2d DCA 2013)).  Thus, "the focus should be on the use of the vehicle in the sale."  Hunt, 43 Fla. L. Weekly at D2271 (citing Delgado-George, 125 So. 3d at 1033).  In other words, the presence of a controlled substance in a conveyance must be shown to be more than happenstance before the conveyance can be considered being used for trafficking in the controlled substance.

In Delgado-George, the defendant was pulled over during a traffic stop and admitted to the officer that he was on his way to a local bar to sell marijuana.  125

So. 3d at 1033. This court held that a judgment of acquittal should have been granted because there was no evidence that the vehicle was a necessary component of the intended drug sale or that there was anything "unique about th[e] vehicle that would indicate its intended use was to traffic, sell, or manufacture controlled substances." Id. at 1034. This court concluded that the State failed to show that a crime was committed under section 893.1351(2) because the evidence was insufficient to prove a nexus between the defendant's intent to sell and the use of the vehicle. Id.

Here, the only evidence about the vehicle was that Mr. Morris drove the vehicle to a house. His wife waited in the vehicle while he went inside. A few minutes later, Mr. Morris placed the package in the vehicle and left. There was no evidence that the vehicle itself was a necessary component of trafficking in a controlled substance. Nor was there anything about the vehicle, or his wife's presence in it, that indicated it was intended for such use. Hence, the evidence was insufficient to prove the offense of possession of a conveyance to be used for trafficking.

Even though the issue was unpreserved, we conclude that the error was fundamental. The Florida Supreme Court has held fundamental error is such that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." F.B. v. State, 852 So. 2d 226, 229 (Fla. 2003) (quoting Brown v. State, 124 So. 2d 481, 484 (Fla. 1960)).

Generally, a defendant must preserve a claim of insufficiency of the evidence in the trial court. F.B., 852 So. 2d at 229. However, an exception to this rule occurs "when there is insufficient evidence that a defendant committed any crime."

Monroe v. State, 191 So. 3d 395, 401 (Fla. 2016); see also F.B., 852 So. 2d at 230 ("The . . . exception to the requirement that claims of insufficiency of the evidence must be preserved occurs when the evidence is insufficient to show that a crime was committed at all."); Andre v. State, 13 So. 3d 103, 105 (Fla. 4th DCA 2009) (holding that it was fundamental error to convict the defendant where "the State failed to prove an essential element of the crime"). Under the facts of this case, had this argument been raised below, the trial court would have been compelled to grant it.

Consistent with F.B., this court has held that "a conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law." Cox v. State, 1 So. 3d 1220, 1222 (Fla. 2d DCA 2009) (quoting Griffin v. State, 705 So. 2d 572, 574 (Fla. 4th DCA 1998)) (holding that the charged offense of aggravated child abuse could not be sustained where there was no evidence of any physical or mental injury resulting from a father's verbal tirade); accord Rodriguez v. State, 964 So. 2d 833, 836 n.1 (Fla. 2d DCA 2007) ("It is . . . fundamental error to convict a defendant when the State has failed to prove an element that is essential to the commission of the crime."). Additionally, there is no lesser included charge to the conveyance offense, which further supports the conclusion that evidence was "insufficient to show that a crime was committed at all." Kirkland v. State, 225 So. 3d 920, 922 (Fla. 1st DCA 2017) (quoting F.B., 852 So. 2d at 230)). Simply put, the evidence was insufficient to prove that Mr. Morris's vehicle was a necessary use component of trafficking in a controlled substance or that it was intended for such use. Because this conviction resulted in fundamental error, we must reverse and vacate only the conviction for possession of a conveyance used for the trafficking of controlled

substances.  We affirm Mr. Morris's remaining convictions.  On remand, he must be resentenced on those convictions.

Affirmed in part, reversed in part, and remanded with instructions.


NORTHCUTT and ATKINSON, JJ., Concur.