# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**WILLIAM TERRY ROBINSON** a/k/a **WILLIE TERRY ROBINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1064

[September 14, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Deborah Carpenter-Toye, Judge; L.T. Case No. 21-12232TC10A.

Gordon Weekes, Public Defender, and Lisa S. Lawlor, Chief Assistant Public Defender, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONFESSION OF ERROR*

DAMOORGIAN, J.

Appellant, William Terry Robinson, was charged with Driving While License Suspended with Knowledge, pursuant to section 322.34(2)(a), Florida Statutes (2021). The case proceeded to trial where Appellant's driving record with the Florida Department of Highway and Motor Safety ("DHSMV") was admitted into evidence. The driving record reflected Appellant's license status as "valid" with an "issue date" of October 10, 2020. The address listed on Appellant's driving record was a residential re-entry program where Appellant lived after his release from prison in 2020. Prior to that, he was homeless. Regarding suspensions, the second page of the driving record listed one sanction which provided: failure to pay suspension effective April 17, 2012; a citation number; and that notice was provided on March 28, 2012. The driving record did not reflect the address to which the notice of suspension was sent in 2012, and there was no testimony regarding Appellant's address in 2012. Appellant twice moved for a judgment of acquittal on grounds the State failed to present a

prima facie case that he knew his license had been suspended. The court denied the motions. Appellant was adjudicated guilty as charged.

On appeal, Appellant argues the court fundamentally erred when it denied his motions of judgment of acquittal because the State failed to prove Appellant had knowledge his license was suspended. The State properly concedes error.

To prove the crime of driving with a suspended license, the State must establish three elements: (1) the defendant's driver's license was suspended at the relevant time, (2) the defendant had knowledge of the license suspension, and (3) the defendant was actually driving. *Prater v. State*, 161 So. 3d 489, 491 (Fla. 5th DCA 2014). *See also* Fla. Std. Jury Instr. (Crim.) 28.11. "The element of knowledge is satisfied if the person has been previously cited . . . or the person admits to knowledge of the cancellation, suspension, or revocation, or suspension or revocation equivalent status; or the person received notice . . . ." § 322.34(2), Fla. Stat. (2021). Regarding notice, the State is required to prove that DHSMV mailed the notice to the last known mailing address. *See Anderson v. State*, 87 So. 3d 774, 780 (Fla. 2012).

Here, Appellant denied having knowledge of the 2012 suspension and denied receiving notice of the suspension. While the driving record admitted into evidence and relied on by the State reflected a notice of suspension was sent in 2012, the driving record did not provide where the suspension notice was sent at the time of mailing and there was no evidence of Appellant's last known address on file with DHSMV in 2012. The only address listed on the driving record was an address from 2020. The State therefore failed to present a prima facie case that Appellant had knowledge of his license suspension. We accordingly reverse the conviction and sentence and remand with instructions for the trial court to enter a judgment of acquittal.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and WARNER, J., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2