# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0486
Lower Tribunal No. F21-20786
_____

**Mark Harris,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender and Jennifer Thornton, Assistant Public Defender, for appellant.

John Guard, Acting Attorney General and Daniel Colmenares, Assistant Attorney General, for appellee.

Before MILLER, GORDO and GOODEN, JJ.

GORDO, J.

Mark Harris ("Harris") appeals from a final judgment of conviction and sentence for possession of a firearm by a convicted felon. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A). We reverse Harris' conviction and sentence and remand to the trial court for entry of a judgment of acquittal on this charge.

## I.

Harris was charged with one count of felon in possession of a firearm in violation of section 790.23(1), Florida Statutes. At trial, outside the presence of the jury, defense counsel informed the trial court that he was stipulating that Harris was a convicted felon. The trial court did not colloquy Harris about waiving his right to have the State prove beyond a reasonable doubt his convicted felon status. The State did not enter Harris' prior felony conviction and sentence into evidence, nor did the State enter a stipulation into evidence. Harris was convicted of the charge, adjudicated guilty and sentenced to one year of reporting probation. This appeal followed.

## II.

"[A]n argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved." F.B. v. State, 852 So. 2d 226, 230 (Fla. 2003). "Such complete failure of the evidence meets the requirements of fundamental error . . . ." Id. For an error

to be fundamental, it "must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. at 229 (quoting Brown v. State, 124 So. 2d 481, 484 (Fla. 1960)).

On appeal, Harris argues he never knowingly, intelligently and voluntarily waived his right to have the State prove each element of the crime of possession of a firearm by a convicted felon beyond a reasonable doubt, nor did he affirmatively stipulate to his convicted felon status. He contends that the trial court never conducted an on-the-record colloquy of him on this issue. The State concedes that it did not introduce a certified copy of Harris' prior felony conviction at trial, and that no other evidence of his prior conviction was admitted.[1] As a result, the evidence presented by the State at trial was insufficient as a matter of law to establish that Harris was a convicted felon and therefore failed to establish that a crime was committed.

---

[1] We note that without a valid stipulation, the only methods for the State to prove at trial that Harris was a convicted felon were the admission of the "whole record" pertaining to the prior felony conviction or providing a certified copy of the conviction. See Landrum v. State, 149 So. 3d 98, 100 (Fla. 4th DCA 2014) (stating the only methods for the State to prove that a defendant is a convicted felon: (1) admission of the "whole record" pertaining to the previous felony conviction; or (2) providing a certified copy of the judgment for the prior conviction in substantial conformance with Florida Rule of Criminal Procedure 3.986). The State did not meet either of these requirements.

3

He argues this error was fundamental, requiring a reversal and remand for entry of a judgment of acquittal. We agree. See Brown v. State, 719 So. 2d 882, 884 (Fla. 1998) ("[W]hen a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, the Court must accept that stipulation, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction(s) and acceding to the stipulation."); Blair v. State, 698 So. 2d 1210, 1218 (Fla. 1997) ("[I]n whatever context the issue of waiver arises, the goal of waiver remains constant: to ensure that any waiver of a substantial right be done knowingly, intelligently, and voluntarily and that a record be made to demonstrate this fact."); Presha v. State, No. 3D23-2254, 2025 WL 97458, at *5 (Fla. 3d DCA Jan. 15, 2025) ("In a scenario such as in the case before us, the defendant must personally acknowledge the stipulation and his voluntary waiver . . . We agree with Presha that a full reading of the trial transcript shows that he did not give a knowing, intelligent, and voluntary waiver of his right to have the State prove each element of the crime of possession of a firearm by a convicted felon beyond a reasonable doubt . . . Accordingly, the State did not establish an essential element of this crime, which constitutes fundamental error . . . To prove the crime of possession of a firearm by a convicted felon, the State had to present evidence that Presha

4

was a convicted felon.  Without evidence of this indispensable element of the crime in question, Presha's possession of a firearm was legal.  Thus, the evidence presented at trial to the jury was insufficient to establish that the crime of possession of a firearm by a convicted felon was committed by Presha.").  Accordingly, because the error here was fundamental, we reverse Harris' conviction and sentence for possession of a firearm by a convicted felon and remand for the trial court to enter a judgment of acquittal.[2]

Reversed and remanded for entry of a judgment of acquittal on the charge of possession of a firearm by a convicted felon.

---

[2] Because we reverse on the first issue, we need not address the second issue raised by Harris regarding the trial court's decision to admit certain evidence.