# Supreme Court of Florida

---

No. SC2023-0593

---

**CHRISTOPHER ALLEN PRYOR,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

September 18, 2025

MUÑIZ, C.J.

Florida law makes it a crime for a "violent career criminal" to possess a firearm. § 790.235(1), Fla. Stat. (2019). To qualify as a VCC, a person must meet various criteria, including having at least three prior convictions for offenses listed in the VCC statute. § 775.084(1)(d)1., Fla. Stat. (2019). Here, based on an incident that occurred in September 2019, a jury found Christopher Allen Pryor guilty of being a VCC in possession of a firearm, and the trial court sentenced him to life in prison. *Pryor v. State*, 359 So. 3d 1216, 1219 (Fla. 2d DCA 2023).

In his direct appeal, Pryor for the first time argued that one of the three convictions the State used to prove his VCC status is not a qualifying offense under the VCC statute. The Second District Court of Appeal agreed. *Id.* at 1222-24. But it affirmed the conviction anyway, because Pryor had failed to preserve the claim in the trial court, and the error was not "fundamental" under the test set out by this Court in *F.B. v. State*, 852 So. 2d 226 (Fla. 2003).

We held in *F.B.* that, "with two exceptions, a defendant must preserve a claim of insufficiency of the evidence through timely challenge in the trial court." *Id.* at 230. The first exception involves our review of death sentences and has no bearing here. The second exception "occurs when the evidence is insufficient to show that a crime was committed at all." *Id.* We said that "[s]uch complete failure of the evidence meets the requirements of fundamental error—i.e., an error that reaches to the foundation of the case and is equal to a denial of due process." *Id.* at 230-31.

In several cases, including *F.B.* itself, we have held that there is no fundamental error when evidence is lacking on an element of the challenged offense of conviction but the proof at trial showed

that the defendant committed a lesser included offense. *See id.* at 227-28; *Young v. State*, 141 So. 3d 161, 165 (Fla. 2013); *Monroe v. State*, 191 So. 3d 395, 401-02 (Fla. 2016), *receded from on other grounds by Steiger v. State*, 328 So. 3d 926 (Fla. 2021). Under these precedents, there was no fundamental error in Pryor's case. Here the evidence showed, at a minimum, that Pryor had committed the lesser included offense of being a felon in possession of a firearm. *Pryor*, 359 So. 3d at 1224 (citing § 790.23(1)(a), Fla. Stat. (2019)).

Pryor acknowledges that the Second District correctly applied our Court's precedents on preservation and fundamental error. Nonetheless, he sought our review of the decision below on the ground that it conflicts with decisions of other district courts finding fundamental error in evidence insufficiency cases even when the evidence showed that the defendant had committed a lesser included offense. *See Hamilton v. State*, 71 So. 3d 247 (Fla. 4th DCA 2011); *Castillo v. State*, 217 So. 3d 1110 (Fla. 3d DCA 2017); *T.E.B. v. State*, 338 So. 3d 290 (Fla. 4th DCA 2022). This inter-district conflict gives us jurisdiction here. Art. V, § 3(b)(3), Fla. Const.

Pryor now asks us to recede from our precedent and hold that all evidence insufficiency claims are reviewable in direct criminal appeals, regardless of whether the defendant preserved the issue in the trial court. In response, the State says that we should adhere to our precedent. The State also argues that there was no error underlying Pryor's conviction. We agree with the State on the latter issue and will resolve the case on that basis, making it unnecessary to revisit our precedents governing issue preservation and fundamental error.[1]

The jury found Pryor guilty of violating section 790.235(1), which makes it a first-degree felony for "[a]ny person who meets the violent career criminal criteria under s. 775.084(1)(d)" to possess a firearm. Pryor does not dispute that the possession element was satisfied here. The evidence showed that Pryor brandished a gun and fired several shots into the air during an argument that started

---

1. Pryor observes that the State did not assert the same statutory argument on Pryor's VCC qualification at the Second District. While true, this does not prevent us from affirming the Second District's decision on this alternative basis. This Court may affirm a judgment on any basis supported in the record. *Cf. Marquardt v. State*, 156 So. 3d 464, 482 (Fla. 2015); *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644-45 (Fla. 1999).

when he failed to bring home a rat to feed his girlfriend's pet snake. *Pryor*, 359 So. 3d at 1218.

The parties' disagreement centers on the VCC element underlying Pryor's conviction. To qualify as a VCC, a defendant must meet several criteria. One statutory criterion is that the defendant must have at least three prior convictions for offenses listed in the statute. § 775.084(1)(d)1., Fla. Stat. To meet that test, the State introduced evidence of Pryor's convictions for (1) aggravated battery in 2012; (2) burglary in 2005; and (3) escape in 1995. There is no dispute that the aggravated battery and burglary convictions qualify as VCC predicate offenses.

That leaves the 1995 conviction for escape. The VCC statute's list of qualifying offenses includes "[e]scape, as described in s. 944.40." § 775.084(1)(d)1.f., Fla. Stat. Section 944.40, Florida Statutes (1993), makes it a second-degree felony for a prisoner to escape from "any prison, jail, road camp, or other penal institution." But Pryor was convicted under section 39.061, Florida Statutes (Supp. 1994),[2] which makes it a third-degree felony to escape from

_____

2. Section 39.061 has since been renumbered as section 985.721, Florida Statutes (2024). For purposes of this analysis,

a juvenile detention facility.  Pryor argues—and the Second District agreed—that this conviction is not a predicate offense under the VCC statute.

We disagree.  The text of section 39.061 expressly states that an escape from a juvenile detention facility "constitutes escape within the intent and meaning of s. 944.40."  As we said in *State v. J.R.M.*, sections 39.061 and 944.40 "complement each other and may be read in pari materia."  388 So. 2d 1227, 1229 (Fla. 1980).

From its origins, section 39.061 has been inseparable from section 944.40.  The predecessor to section 39.061 came about as a response to a decision of the Fourth District Court of Appeal in 1977 holding that section 944.40 did not cover escape from a juvenile detention center.  *In Int. of F.G.*, 349 So. 2d 727 (Fla. 4th DCA 1977).  The next year, the Legislature enacted chapter 78-414, section 17, Laws of Florida, which created section 39.112, Florida Statutes (Supp. 1978).  It read:

> **Escapes from a juvenile facility.**—An escape
> from any training school or secure detention
> facility maintained for the treatment,

there are no material differences between the 1994 statute and the current statute.  For ease of reference, we refer to the statute as section 39.061 throughout.

rehabilitation, or detention of children who are alleged or found to have committed delinquent acts or violation of law *constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.*

(Emphasis added.) Notably, rather than create a new crime, this text piggybacked on section 944.40 and clarified its meaning.

We add that our reading of sections 39.061 and 944.40 best gives effect to the Legislature's instruction that "[f]or purposes of [section 790.235], the previous felony convictions necessary to meet the violent career criminal criteria under s. 775.084(1)(d) may be convictions for felonies committed as an adult or adjudications of delinquency for felonies committed as a juvenile." § 790.235(2), Fla. Stat. Viewing the statutory scheme as an integrated whole shows that Pryor's 1995 escape conviction is a valid predicate offense for purposes of establishing his status as a VCC.

Pryor insists that his 1995 conviction does not qualify because juvenile escape and adult escape are distinct offenses. True, the Legislature has chosen to punish juvenile escape less harshly than adult escape. But that does not diminish the force of the Legislature's express statement that juvenile escape under section

39.061 "constitutes escape within the intent and meaning of s. 944.40." § 39.061, Fla. Stat.

For these reasons, we approve the judgment affirming Pryor's conviction for being a violent career criminal in possession of a firearm, in violation of section 790.235(1), Fla. Stat.

It is so ordered.

CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

Second District - Case No. 2D22-563

(Pinellas County)

Blair Allen, Public Defender, and Daniel Muller, General Counsel, Tenth Judicial Circuit of Florida, Bartow, Florida,

for Petitioner

James Uthmeier, Attorney General, Tallahassee, Florida, Cerese Crawford Taylor, Senior Assistant Attorney General, Tampa, Florida, and Jonathan S. Tannen, Assistant Attorney General, Tampa, Florida,

for Respondent