SLEET, Judge.
Ricardo Delgado-George challenges his judgment and sentence for actual or constructive possession of a conveyance used for the trafficking, sale, or manufacture of controlled substances in violation of section 893.1351(2), Florida Statutes (2010). Because we find that the State presented insufficient evidence to support a conviction under section 893.1351(2), we reverse Delgado-George’s judgment and sentence. We affirm his remaining convictions.
I. FACTUAL BACKGROUND
In the early morning hours of January 7, 2011, Detectives Mark Dainty and Steven Valk of the Polk County Sheriffs Office stopped a black Chevy Impala in the parking lot of a local bar for a perceived traffic infraction. Delgado-George was the driver of that vehicle. As the detectives approached, they detected an odor of marijuana emanating from the vehicle. According to Detective Valk, Delgado-George explained that his vehicle smelled like marijuana because he had recently finished smoking marijuana at a friend’s house. Detective Dainty asked Delgado-George whether he had any weapons or contraband in the vehicle, and Delgado-George produced a velvet Crown Royal bag from his jacket pocket that he handed to Detective Dainty. Detective Dainty then read Delgado-George his Miranda[1] *1033 rights and opened the bag, discovering seven individually packaged baggies of marijuana. A field test was performed on the contents, and they tested positive for marijuana.
After Delgado-George was placed under arrest, Detective Dainty asked him to explain why he possessed marijuana that was individually packaged. According to Detective Dainty, Delgado-George responded that before he was stopped he intended to sell the drugs inside the bar. Delgado-George asserted, however, that he never told Detective Dainty that he intended to sell the marijuana inside the bar and that he informed Detective Dainty that he was meeting a friend at the bar to discuss buying a car. Delgado-George explained that the marijuana was individually packaged when he purchased it, and he did not bother to repackage it. According to Delgado-George, he has never sold marijuana from his car, nor did ■ he intend to sell marijuana from his car on the morning he was stopped by the detectives.
As a result of the evidence gathered from the traffic stop, the State charged Delgado-George with possession of cannabis with intent to sell (Count I), possession of drug paraphernalia (Count II), and actual or constructive possession of a conveyance used for trafficking, sale, or manufacture of controlled substances (Count III). During trial, at the end of the State’s casein-chief, Delgado-George moved for a judgment of acquittal on Count III, arguing that the State presented insufficient evidence to establish that Delgado-George used his vehicle for the sale of marijuana. The trial court denied the motion. After the defense rested, Delgado-George renewed his motion for judgment of acquittal as to Count III, but it was again denied. The jury returned a verdict of guilty on all three counts.
On appeal, Delgado-George argues that the trial court erred by denying his motion for judgment of acquittal because the State presented insufficient evidence to support a conviction under section 893.1351(2).
II. ANALYSIS
This court reviews the denial of a motion for judgment of acquittal under a de novo standard. Gizaw v. State, 71 So.3d 214, 217 (Fla. 2d DCA 2011) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). This case also involves an issue of statutory interpretation, which is also subject to de novo review. Mendenhall v. State, 48 So.3d 740, 747 (Fla.2010).
At issue in this case is whether Delgado-George’s actions violated section 893.1351(2). Section 893.1351(2) provides, in pertinent part:'
A person may not knowingly be in actual or constructive possession of any place, structure, .or part thereof, trailer, or other conveyance with the knowledge that the place, structure, or part thereof, trailer, or conveyance will be used for the purpose of trafficking in a controlled substance, as provided in s. 893.135; for the sale of a controlled substance, as provided in s. 893.13; or for the manufacture of a controlled substance intended for sale or distribution to another.
As this court observed in L.A.P. v. State, the starting point in any analysis of legislative intent is the statutory language itself. 62 So.3d 693, 694 (Fla. 2d DCA 2011). Furthermore, a presumption exists that the legislature understands the meaning of the words it uses and intends those meanings to apply in the statute. Id. (citing Overstreet v. State, 629 So.2d 125, 126 (Fla.1993)). “[W]ill be used” is the operative language of section 893.1351(2). Thus, in the present case, the focus should be on the use of the vehicle in the sale. In other words, the true intent at issue under the *1034 statute is the use the accused intended for the vehicle.
Viewing the evidence adduced at trial in the light most favorable to the State, the testimony and evidence established that Delgado-George intended to sell the marijuana in his possession at the time of the traffic stop. Notwithstanding this evidence, the State provided no evidence that Delgado-George’s intended sale (or sales) had any nexus to his vehicle. Here, Delgado-George’s use of the vehicle could have facilitated a sale simply because it was a means of transportation to the location where he intended to consummate the sales. Absent Delgado-George’s admission, however, there was nothing unique about this vehicle that would indicate its intended use was to traffic, sell, or manufacture controlled substances. The evidence was too attenuated to create a nexus between the vehicle and drug activity to show that Delgado-George possessed his car with the knowledge that the car would be used for the sale of controlled substances. The vehicle was not a necessary component of the sale nor was it used specifically for conducting sales of controlled substances.
We are unconvinced by the State’s argument that Delgado-George’s statement during the traffic stop that he intended to sell the marijuana in the bar was sufficient evidence that he intended to use his vehicle for that purpose. There was ample evidence to convict of possession of cannabis with intent to sell and possession of drug paraphernalia with or without the vehicle; however, the State presented inadequate evidence that Delgado-George “intended to use his vehicle” for the sale of controlled substances.
Accordingly, we conclude that the Státe presented insufficient evidence to create a nexus between Delgado-George’s intent to sell a controlled substance and the use of the vehicle such that the State failed to show that a crime was committed under section 898.1351(2). Therefore, we reverse Delgado-George’s judgment and sentence for possession of a conveyance with knowledge that the conveyance would be used for the sale of controlled substances.
Reversed in part; affirmed in part.
ALTENBERND and KELLY, JJ„ Concur.

. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).