IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BOBBY LEE ZEIGLER,

    Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-2754

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed August 11, 2016.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Nancy A. Daniels, Public Defender, and Susannah C. Loumiet, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Robert "Charlie" Lee and Matthew Pavese,
Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

    AFFIRMED.

ROBERTS, C.J., and ROWE, J., CONCUR; MAKAR, J., CONCURRING WITH
OPINION.

MAKAR, J., concurring with opinion.

Defendant, Bobby Lee Zeigler, raises issues regarding his convictions on multiple counts, including the charge that he violated section 893.1351(2), Florida Statutes, which criminalizes the possession of a place, structure, or conveyance knowing that it "will be used" in the trafficking, sale, or manufacture of a controlled substance that is meant for sale or distribution to others.[1] Zeigler's trial counsel did not object (or provide an alternative) to the jury instruction on this charge, which stated:

> To prove the crime of possession of Place for Trafficking in or Manufacturing of Controlled Substance, the State must prove the following three elements:
>
> 1.    Bobby Zeigler possessed a place, structure, or part thereof, trailer or other conveyance;
> 2.    Bobby Zeigler had the knowledge that the place, structure, or part thereof, trailer or other conveyance *was used* for the purpose of trafficking in a controlled substance or manufacture of a controlled substance.

---

[1] The statute provides:

> (2) A person may not knowingly be in actual or constructive possession of any place, structure, or part thereof, trailer, or other conveyance with the knowledge that the place, structure, or part thereof, trailer, or conveyance will be used for the purpose of trafficking in a controlled substance, as provided in s. 893.135; for the sale of a controlled substance, as provided in s. 893.13; or for the manufacture of a controlled substance intended for sale or distribution to another. A person who violates this subsection commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 893.1351(2), Fla. Stat. (2013).

2

3. That substance was intended for sale or distribution to another.

(Emphasis added). The phrase "was used" is highlighted because it differs from the statutory language, which says that Zeigler was required to know that the mobile home complex over which he had control "will be used" for the specified illegal purposes. See § 893.1351(2), Fla. Stat. Zeigler now claims fundamental error because the jury instruction allowed the jury to conclude that he was guilty simply because he knew the mobile home complex had been used for such illegal purposes in the past (i.e., "was used"), when the statute seemingly requires that he must have foreseen that it "will be used" for such purposes in the future.

Zeigler is correct that the Legislature used specific language that focuses on his intended use of the mobile home complex at the time of the alleged crime; what he may have known about how the mobile home complex "was used" in the past is not the statutory focus. See, e.g., Delgado-George v. State, 125 So. 3d 1031, 1033-34 (Fla. 2d DCA 2013) (the phrase "will be used" is the "operative language" such that the "true intent at issue under the statute is the use the accused intended for the [place, structure, etc.]").

Viewed in this light, the jury instruction would have been better phrased as follows: "[Defendant] had the knowledge, at the time of possession, that the place, structure, or part thereof, trailer or other conveyance ~~was~~ would be used for the purpose of trafficking in a controlled substance or manufacture of a controlled

3

substance." The instruction used created a possibility that the jury found him guilty for having known the mobile home complex had been used in the past for specific illegal purposes, but that he had no intent that it would continue to be used for such purposes. Though a close question—one that was not raised or discussed below—it cannot be concluded that this oversight meets the high standard for fundamental error.

Our supreme court has said that "not all error in jury instructions is fundamental error. 'Instructions [to the jury] . . . are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred.'" <u>Garzon v. State</u>, 980 So. 2d 1038, 1042 (Fla. 2008) (citations omitted). To "constitute fundamental error, the error must 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" <u>Id.</u> (citations omitted). Further, "'fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.' Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error." <u>Id.</u> (citations omitted).

Here, the record reflects no discussion or argument about what Zeigler may have known about the prior uses of the mobile home complex, only that he was proven to have possession of it at the time when, the evidence showed, there were

4

substantial indicia of activities of which he was aware that support the jury's conclusion that "trafficking in a controlled substance or manufacture of a controlled substance" was ongoing. In other words, the semantic argument that the instruction could have been improved upon (and should be in future prosecutions under the statute) is a valid one, but the context of this case does not lend itself to the conclusion on appeal that the guilty verdict "could not have been obtained without the assistance of the alleged error." Id. Instead, the jury could have concluded that Zeigler knew, at the time of possession, that the mobile home complex would continue to be used for the specific illegal purposes, notwithstanding some evidence that supports that some illegal activities at the site had been curtailed or ceased, all or portions of which the jury could have rejected. For these reasons, I concur in the decision to affirm as to all issues.