# Supreme Court of Florida

_____

No. SC17-2013
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-09.**

[March 8, 2018]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions, including amending specific instructions and adopting new ones.  The Committee asks the Court to authorize the new and amended standard jury instructions for publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions 3.9(c) (Eyewitness Identification), 5.1 (Attempt to Commit Crime), 21.10 (Tampering with a [Witness] [Victim] [Informant]), and 21.12 (Corruption by [Harm] [Threat of Harm] Against a Public Servant).  In addition, the Committee proposes the following new instructions:  2.13 (Prior Inconsistent Statement as Impeachment);

8.26 (Sexual Cyberharassment); 25.13(f) ([Ownership] [Lease] [Rental] of a Place

for [[Trafficking in] [Sale of] a Controlled Substance] [Manufacturing a Controlled

Substance Intended for Sale or Distribution]); and 28.19 (Reckless [Operation of a

Vessel] [Manipulation]).  Following publication in *The Florida Bar News*, the

Committee received comments pertaining to the proposals to add or amend

instructions 2.13, 8.26, and 25.13(f).  The more significant amendments to the

instructions are discussed below.

First, new instruction 2.13, if applicable and requested, informs the jurors

how they are allowed to consider prior inconsistent statements introduced at trial

for impeachment purposes only.[1]  Next, we amend instruction 3.9(c) on the basis

that the Legislature enacted section 92.70, Florida Statutes (2017), effective

October 1, 2017.  *See* ch. 2017-91, Laws of Fla.  Section 92.70 pertains to

eyewitness identification and requires compliance with specific lineup procedures.

Instruction 3.9(c), as amended, instructs jurors as to those procedures and that they

may consider evidence of compliance or lack of compliance with those procedures

to determine the reliability of eyewitness identifications.

---

1. Comments to the instructions also are added or amended based upon the Committee's proposals but are not discussed, as we caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

Having considered the Committee's report and the comments submitted, we authorize for publication and use new and amended instructions 2.13, 3.9(c), 5.1, 8.26, 21.10, 21.12, 25.13(f), and 28.19, as proposed, and as set forth in the appendix to this opinion.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## 2.13  PRIOR INCONSISTENT STATEMENT AS IMPEACHMENT

*To be given if applicable and if requested.*
**The evidence that a witness may have made a prior statement that is inconsistent with [his] [her] testimony in court should be considered only for the purpose of weighing the credibility of the witness's testimony and should not be considered as evidence or proof of the truth of the prior statement or for any other purpose.**

### Comments

This instruction should not be used for prior inconsistent statements that are admissible as substantive evidence and not merely as impeachment, e.g., prior testimony at a trial, hearing or other proceeding (§ 90.801(2)(a), Fla. Stat.) or statements by a defendant (§ 90.803(18), Fla. Stat.).

This instruction was adopted in 2018.

## 3.9(c) EYEWITNESS IDENTIFICATION

*Give if eyewitness identification is a disputed issue and if requested.*
**You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.**

**In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:**

1. **The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance.**

2. **Whether the identification was the product of the eyewitness's own recollection or was the result of influence or suggestiveness.**

3. **The circumstances under which the defendant was presented to the eyewitness for identification.**

4. **Any inconsistent identifications made by the eyewitness.**

5. **Any instance in which the eyewitness did not make an identification when given the opportunity to do so.**

6. **The witness's familiarity with the subject identified.**

7. **Lapses of time between the event and the identification[s].**

8. **Whether the eyewitness and the offender are of different races or ethnic groups, and whether this may have affected the accuracy of the identification.**

9. **The totality of circumstances surrounding the eyewitness's identification.**

*Lineup Requirements. Give if applicable. § 92.70, Fla. Stat.*
**You have heard testimony concerning a [live] [photo] lineup conducted by a law enforcement agency. Florida law requires that the person conducting the lineup must not have participated in the investigation of the crime alleged and must not have been aware of which person in the lineup was the suspect.**

*When an independent administrator was not used. Give as applicable.*
**As an alternative, it is permissible under Florida law if**

**[an automated computer program automatically administered the photo lineup directly to an eyewitness and prevented the person conducting the lineup from seeing which photograph the eyewitness viewed until after the procedure was completed.]**

**[photographs were placed in folders, randomly numbered, and shuffled and then presented to an eyewitness such that the person conducting the lineup did not see or did not track which photograph was presented to the eyewitness until after the procedure was completed.]**

- 6 -

**[the lineup procedure achieved neutral administration and prevented the person conducting the lineup from knowing which photograph was presented to the eyewitness during the identification procedure.]**

*Give in all cases involving a lineup.*
**Also, before conducting a lineup, the eyewitness must be instructed that:**

**1. The perpetrator might or might not be in the lineup;**

*Give #2 only when an independent administrator was used.*
**2.  The person conducting the lineup does not know the suspect's identity;**

**3.  The eyewitness should not feel compelled to make an identification;**

**4.   It is as important to exclude innocent persons as it is to identify the perpetrator; and**

**5.  The investigation will continue with or without an identification.**

**The eyewitness must acknowledge, in writing, that he or she received a copy of the lineup instructions. If the eyewitness refused to sign a document acknowledging receipt of the instructions, the person conducting the lineup must document the refusal of the eyewitness to sign a document acknowledging receipt of the instructions, and the person conducting the lineup must sign the acknowledgment document himself or herself.**

**You may consider compliance or noncompliance with these requirements to determine the reliability of an eyewitness identification made during a lineup procedure.**

### Comment

This instruction was adopted in 2012~~3~~ [141 So. 3d 132] and amended in 2013 [122 So. 3d 302], and 2018.

# 5.1 ATTEMPT TO COMMIT CRIME
## § 777.04(1), Fla. Stat.

*Use when attempt is charged or is a lesser included offense.*

{**To prove the crime of Attempted ~~to Commit~~** (crime ~~charged~~attempted)**, the State must prove the following two elements beyond a reasonable doubt:**}

*Use when necessary to define "attempt" as an element of another crime.*

{**In order to prove that the defendant attempted to commit the crime of** (crime ~~charged~~attempted)**, the State must prove the following beyond a reasonable doubt:**}

1.     (Defendant) **did some act toward committing the crime of** (crime attempted) **that went beyond just thinking or talking about it.**

2.     **[He] [She] would have committed the crime except that**

   a.     {**someone prevented [him] [her] from committing the crime of** (crime ~~charged~~attempted)**.**}

   **[or]**

   b.     {**[he] [she] failed.**}

**The crime of** (crime attempted) **is defined as** (insert elements of crime attempted)**;**

*Give if applicable. Affirmative Defense. § 777.04(5)(a), Fla. Stat. Carroll v. State, 680 So. 2d 1065 (Fla. 3d DCA 1996). Harriman v. State, 174 So. 3d 1044 (Fla. 1st DCA 2015).*

**It is a defense to the crime of ~~attempt to commit~~Attempted** (crime ~~charged~~attempted) **if the defendant abandoned [his] [her] attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

**Renunciation is not complete and voluntary where the defendant failed to complete the crime because of unanticipated difficulties, unexpected**

resistance, a decision to postpone the crime to another time, or circumstances known by the defendant that increased the probability of being apprehended.**

**If you find that the defendant proved by a preponderance of the evidence that [he] [she] abandoned [his] [her] attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] not guilty of <u>Attempted</u> (crime attempted).**

**If the defendant failed to prove by a preponderance of the evidence that [he] [she] abandoned [his] [her] attempt to commit the offense or that [he] [she] otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] guilty of <u>Attempted</u> (crime attempted) if all the elements of the charge have been proven beyond a reasonable doubt.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

As of ~~November 2015~~<u>October 2017</u>, no case law addressed the issue of whether renunciation remains a defense to an attempt to commit a crime where some harm was done.

This instruction was adopted in 1981 and amended in 2017 <u>[213 So. 3d 680]</u> and 2018.

## <u>8.26   SEXUAL CYBERHARASSMENT</u>
### <u>§ 784.049(3), Fla. Stat.</u>

**To prove the crime of Sexual Cyberharassment, the State must prove the following four elements beyond a reasonable doubt:**

**1.** (Defendant) **published a sexually explicit image of** (victim) **on an internet website.**

**2. The image contained or conveyed** (victim's) **personal identification information.**

**3.** (Defendant) **did so willfully and maliciously, for no legitimate purpose, and with the intent of causing substantial emotional distress to** (victim)**.**

**4.** (Victim) **did not consent to the publication.**

*Definitions.*
*§ 784.049(2)(d), Fla. Stat.*
**"Sexually explicit image" means any image depicting nudity or depicting any person engaging in sexual conduct.**

*§ 784.049(2)(a), Fla. Stat.*
**"Image" includes but is not limited to, any photograph, picture, motion picture, film, video, or representation.**

*§ 847.001(9), Fla. Stat.*
**"Nudity" means showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering; or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple; or the depiction of covered male genitals in a discernibly turgid state. [A mother breastfeeding her baby does not under any circumstance constitute "nudity," irrespective of whether or not the nipple is covered during or incidental to feeding.]**

*§ 847.001(16), Fla. Stat.*
*If necessary, insert additional definitions from § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. [A mother breastfeeding her baby does not under any circumstance constitute "sexual conduct."]**

*§ 784.049(2)(b), § 817.568(1)(f), Fla. Stat.*

**"Personal Identification Information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific person, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*As of October 2017, the courts had not determined whether the sexual cyberharassment statute requires actual malice or legal malice. The explanation of the two can be found in Seese v. State, 955 So. 2d 1145 (Fla. 4th DCA 2007). In the absence of clarification, trial judges must choose one of the following:*
**"Maliciously" means intentionally and without any lawful justification.**

**"Maliciously" means with ill will, hatred, spite, or an evil intent.**

**Lesser Included Offense**

| SEXUAL CYBERHARASSMENT — 784.049(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

As of October 2017, it is unclear whether the existence of a prior violation should be treated as an element of the crime that must be found by the jury or whether a prior violation can be proven to the judge at sentencing.

If treated as an element, it would be error to inform the jury of a prior Sexual Cyberharassment conviction. Therefore, if the information or indictment contains an allegation of a prior Sexual Cyberharassment conviction, do not read the allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Sexual Cyberharassment, the historical fact of a previous conviction would be determined beyond a reasonable doubt in a bifurcated proceeding. *See State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

As of October 2017, the courts had not determined if a withhold of adjudication counted as a conviction.

This instruction was adopted in 2018.

## 21.10 TAMPERING WITH A [WITNESS] [VICTIM] [INFORMANT]
§ 914.22(1), Fla. Stat.

**To prove the crime of Tampering with a [Witness] [Victim] [Informant], the State must prove the following three elements beyond a reasonable doubt:**

*Give as applicable.*
**1.** (Defendant) **knowingly**

    a. **used or attempted to use intimidation or physical force against** (name of person)**.**

    b. **threatened or attempted to threaten** (name of person)**.**

    c. **engaged in misleading conduct toward** (name of person)**.**

    d. **offered pecuniary benefit or gain to** (name of person)**.**

**2.** (Defendant) **did so, with intent to cause or induce [any person] [**(name of person)**] to**

    a. **withhold testimony or withhold a record, document, or other object, from an official investigation or official proceeding.**

    b. **alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding.**

    c. **evade legal process summoning [him] [her] to appear as a witness, or to produce a record, document, or other object, in an official investigation or official proceeding.**

    d. **be absent from an official proceeding to which [he] [she] has been summoned by legal process.**

    e. **hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of [an offense] [a violation of a condition of [probation] [parole] [release pending a judicial proceeding]].**

    f. **testify untruthfully in an official investigation or an official proceeding.**

**3.** **The [official investigation] [official proceeding] [offense]**

**[violation of a condition of [probation] [parole] [release]] [affected] [attempted to be affected], involved the investigation or ~~proceeding~~<u>prosecution</u> of a[n] [non-criminal offense] [misdemeanor] [third degree felony] [second degree felony] [first degree felony [punishable by a term of years not exceeding life]] [life felony]**

- 13 -

**[capital felony]**
**[offense of indeterminable degree].**

*Give if requested and if applicable.*
*§ 914.22(5)(a), Fla. Stat.*
**The State does not have to prove that an official proceeding was pending or about to be instituted at the time of this alleged offense.**

*§ 914.22(5)(b), Fla. Stat.*
**The State does not have to prove that the testimony or the record, document, or other thing was admissible in evidence [or free from a claim of privilege].**

*§ 914.22(6)(a), Fla. Stat.*
**The State does not have to prove that the defendant knew or should have known that the official proceeding before a judge, court, grand jury, or government agency, was before a judge or court of the state, a state or local grand jury, or a state agency.**

*§ 914.22(6)(b), Fla. Stat.*
**The State does not have to prove that the defendant knew or should have known that the judge is a judge of the state or that the law enforcement officer is an officer or employee of the state or a person authorized to act for or on behalf of the state or serving the state as an adviser or consultant.**

*Definitions. § 914.21, Fla. Stat. Give as applicable.*
**"Misleading conduct" means:**

a. **Knowingly making a false statement;**

b. **Intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement;**

c. **With intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity;**

d. With intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or

e. Knowingly using a trick, scheme, or device with intent to mislead.

"Official investigation" means any investigation instituted by a law enforcement agency or prosecuting officer of the state or a political subdivision of the state or the Commission on Ethics.

"Official proceeding" means:
a. A proceeding before a judge or court or a grand jury;

b. A proceeding before the Legislature;

c. A proceeding before a federal agency that is authorized by law; or

d. A proceeding before the Commission on Ethics.

"Physical force" means physical action against another and includes confinement.

## Lesser Included Offense

The degree of this crime depends on the severity of the underlying offense that is the subject of the tampering. See § 914.22(2), Fla. Stat.

## Comment

This instruction was adopted in 2013 [131 So. 2d 720] and amended in 2018.

## 21.12 CORRUPTION BY [HARM] [THREAT OF HARM] AGAINST A PUBLIC SERVANT
§ 838.021, Fla. Stat.

**To prove the crime of Corruption by [Harm] [Threat of Harm] Against a Public Servant, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **unlawfully [harmed] [threatened unlawful harm] to [**(victim)**] [**(victim's) **immediate family member] [a person with whose welfare** (victim) **was interested in].**

2. **At the time, (victim) was a public servant.**

*Give as applicable.*
3. (Defendant) **did so, with the intent or purpose to:**
   a. **influence the performance of any act or omission which the defendant believed to be [or** (victim) **represented as being,] within the official discretion of** (victim), **in violation of a public duty, or in performance of a public duty.**

   b. **cause or induce** (victim) **to [use] [exert] [procure the use or exertion of] any influence [upon] [with] any other public servant regarding any act or omission which the defendant believed to be [or** (victim) **represented as being,] within the official discretion of** (victim)**, in violation of a public duty, or in performance of a public duty.**

*Give if requested and if applicable. § 838.021(2), Fla. Stat.*
**The State does not have to prove that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that the public servant had assumed office, that the matter was properly pending before [him] [her] or might by law properly be brought before [him] [her], that the public servant possessed jurisdiction over the matter, or that [his] [her] official action was necessary to achieve the defendant's purpose.**

- 16 -

*Definitions. ~~§ 838.014, Fla. Stat.~~*

*§ 838.014(5), Fla. Stat.*

**"Harm" means pecuniary or other loss, disadvantage, or injury to the person affected.**

~~**"Public servant" means:**~~

~~a.  **Any officer or employee of a state, county, municipal, or special district agency or entity;**~~

~~b.  **Any legislative or judicial officer or employee;**~~

~~c.  **Any person, except a witness, who acts as a general or special**~~

~~d.  **magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function;**~~

~~e.  **A candidate for election or appointment to any of the positions listed above or an individual who has been elected to, but has yet to officially assume the responsibilities of public office.**~~

*§ 838.014(7)(a) Fla. Stat.*

**"Public servant" means any officer or employee of a governmental entity, including any executive, legislative, or judicial branch officer or employee.**

*Give if applicable. § 838.014(7)(b) and (7)(c), Fla. Stat.*

**"Public servant" also includes any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function or a candidate for election or appointment to any of these officer positions; or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.**

## Lesser Included Offense

No lesser included offenses have been identified for these offenses. There is no crime of Attempt to Corrupt Public Servant by Threat. *See Pagano v. State*, 387 So. 2d 349 (Fla. 1980).

Unlawfully harming a public servant is a second degree felony. Threatening unlawful harm is a third degree felony. ~~See~~*See* § 838.021(3)(a) and (b), Fla. Stat.

## Comment

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2018.

## 25.13(f)  [OWNERSHIP] [LEASE] [RENTAL] OF A PLACE FOR [[TRAFFICKING IN] [SALE OF] A CONTROLLED SUBSTANCE] [MANUFACTURING A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION]
§ 893.1351(1), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Insert name(s) of controlled substance(s)) **[is a] [are] controlled substance[s].**

**To prove the crime of [Ownership] [Lease] [Rental] of a Place for [[Trafficking in] [Sale of] a Controlled Substance] [Manufacturing a Controlled Substance Intended for Sale or Distribution], the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **[owned] [leased] [rented] any [place] [structure [or part thereof]] [conveyance].**

2.  **At that time,** (defendant) **knew the [place] [structure [or part thereof]] [conveyance] would be used for the purpose of [Trafficking in** (insert name(s) of controlled substance)**] [Sale of a Controlled Substance] [Manufacture of a Controlled Substance that was intended for sale or distribution to another].**

*Inference. Give if applicable. § 893.1351(4), Fla. Stat.*
**You may conclude that cannabis was intended for sale or distribution upon proof of the possession of 25 or more cannabis plants.**

*§ 893.02(3), Fla. Stat.*

**"Cannabis" means all parts of any plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.**

*Definitions. Give as applicable.*
*§ 810.011(1), Fla. Stat. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*

**A "structure" is any building of any kind, either temporary or permanent, which has a roof over it together with the curtilage. The "curtilage" is the enclosed land adjoining the structure. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*

**A "conveyance" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car.**

*Insert elements of Trafficking alleged, if applicable.*

**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*§ 893.02(15)(a), Fla. Stat.*

**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*

**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

**1.   A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

**2.    A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

## Lesser Included Offense

If a person owns, leases, or rents a place knowing that the place will be used for trafficking, sale or manufacture of drugs, then the person is guilty of Trafficking, Sale, or Manufacture of drugs as an aider or abettor. Therefore, Trafficking or Sale or Manufacture are Category One lesser included offenses depending on what is charged. Moreover, Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of various amounts of drugs. Trial judges must review not only the evidence but also the charging document to determine all of the appropriate lesser-included offenses.

## Comments

It is unlawful to sell or manufacture all of the controlled substances listed in §893.02, Florida Statutes. However, only certain controlled substances qualify for prosecution under the trafficking statute, § 893.135, Florida Statutes. Accordingly, the exact nature of the substance must be proven if the State is prosecuting under the trafficking prong of § 893.1351(1), Florida Statutes.

A special instruction will be required if the defense is that the defendant did not know of the illicit nature of the controlled substance. *See* § 893.101, Fla. Stat.

§ 893.1351(1), Florida Statutes, requires that the place will be used for certain drug-related activity while § 893.1351(3), Florida Statutes, requires that the place was being used to manufacture a controlled substance. *See Zeigler v. State*, 198 So. 3d 1005 (Fla. 1st DCA 2016).

This instruction was adopted in 2018.

## 28.19 RECKLESS [OPERATION OF A VESSEL] [MANIPULATION]
§ 327.33(1), Fla. Stat.

**To prove the crime of Reckless [Operation of a Vessel] [Manipulation], the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **[operated a vessel] [manipulated any [water skis] [aquaplane or similar device]].**

**2.** (Defendant) **did so with a willful or wanton disregard for the safety of persons or property.**

**3.** (Defendant) **[operated the vessel] [manipulated the [water skis] [aquaplane or similar device]] at a speed or in a manner as to [endanger or that was likely to endanger life or limb] [or] [injure a person] [or] [damage the property of a person].**

*Definitions. Give as applicable.*
*§ 327.02(30), Fla. Stat.*
**"Operate" means to be in charge of, in command of, [or in actual physical control of] a vessel upon the waters of this state, to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

*State v. Davis, 110 So. 3d 27 (Fla. 2d DCA 2013).*
**"Vessel" means a boat and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

*W.E.B. v. State, 553 So. 2d 323 (Fla. 1st DCA 1989).*
**"Willful" means intentionally, knowingly and purposely.**

**"Wanton" means with a conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property.**

*§ 327.02(32), Fla. Stat.*

**"Person" means an individual, partnership, firm, corporation, association, or other entity.**

*Give if applicable and insert additional instructions from § 327.331, Fla. Stat. as necessary.*

**A vessel other than a law-enforcement or rescue vessel that approaches within [100 feet of a divers-down warning device on a river, inlet, or navigation channel] [or] [300 feet of a divers-down warning device on waters other than a river, inlet, or navigation channel] must proceed no faster than necessary to maintain headway and steerageway. A violation of this law constitutes Reckless Operation of a Vessel.**

## Lesser Included Offense

| RECKLESS [OPERATION OF A VESSEL] [MANIPULATION] — 327.33(1) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Culpable Negligence | 784.05(1) | 8.9 |

## Comment

This instruction was adopted in 2018.