NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRAVIS HUNT, DOC #H34487, )
)
    Appellant, )
)
v. )
) Case No. 2D17-2932
STATE OF FLORIDA, )
)
    Appellee. )
)

Opinion filed October 5, 2018.

Appeal from the Circuit Court for Polk
County; Mark Carpanini, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

        Travis Hunt challenges his convictions and sentences in circuit court case

number 2016-CF-002702 for armed trafficking in twenty-eight grams or more of

amphetamine, possession of a firearm by a convicted felon, possession of drug

paraphernalia, and possession of a conveyance used for the trafficking of controlled

substances.  He also challenges the resulting revocation of the probation he had been serving in circuit court case number 2015-CF-004832.  Because the State's evidence did not establish a sufficient nexus between the vehicle in his possession when he was arrested and his trafficking in methamphetamines, we reverse his conviction and sentence on the possession of a conveyance count only.  We affirm in all other respects without further comment.

The charges against Hunt arose when officers went to the Royal Inn Motel looking for Hunt, who had an outstanding warrant.  Although the officers obtained a room number for Hunt, they encountered him in the parking lot where he was working on a motorcycle that was parked next to a Chevy Impala.  The driver's side door of the Impala was open, and Hunt was going back and forth as if retrieving tools out of the car.  When he saw the officers, Hunt ducked down behind the car and went to get into the driver's seat.  The key was in the ignition, and according to one officer's testimony, it appeared that Hunt was attempting to flee.  Officers detained Hunt, and a K-9 unit did an exterior sniff of the Impala and alerted in the area near the driver's door.  A subsequent search of the vehicle revealed a backpack on the front passenger seat.  A digital scale and a trafficking amount of methamphetamines were discovered in the top compartment of the backpack.  Hunt was read his Miranda[1] rights, after which he told officers that all of the contents of the Impala were his.  He further stated that he kept the methamphetamines in the backpack and took it with him wherever he goes to keep it safe.  Officers later learned that Hunt did not own the vehicle.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

On appeal, Hunt argues that the trial court erred in denying his motion for judgment of acquittal as to possession of a conveyance used for trafficking of controlled substances. He maintains that the State failed to establish that the car would be used for trafficking. We agree.

Section 893.1351(2), Florida Statutes (2016), provides that "[a] person may not knowingly be in actual or constructive possession of any . . . conveyance with the knowledge that the . . . conveyance will be used for the purpose of trafficking in a controlled substance." (Emphasis added.) " '[W]ill be used' is the operative language of section 893.1351(2). Thus . . . the focus should be on the *use* of the vehicle in the sale. In other words, the true intent at issue under the statute is the use the accused intended for the vehicle." Delgado-George v. State, 125 So. 3d 1031, 1033-34 (Fla. 2d DCA 2013) (alteration in original).

Here, the State maintains that Hunt's placing the backpack containing the methamphetamines on the passenger seat in the car was enough to infer his intent to use the car for trafficking the drugs. We cannot agree. The only evidence of trafficking here is the amount of the drugs discovered. There was no evidence that a sale had occurred or was going to occur during the time Hunt possessed the car. In fact, the State presented no evidence of a sale at all. All of the officers who testified stated that at the time they made contact with Hunt, he was busy repairing a motorcycle. Additionally, he testified that he kept the methamphetamines with him at all times in order to keep the drugs safe. As such, there was nothing about the use of the car that was specific to Hunt's trafficking in a controlled substance; he just happened to set the drugs down there while he worked on the motorcycle. See Delgado-George, 125 So.

3d at 1034 ("[T]he State provided no evidence that Delgado-George's intended sale (or sales) had any nexus to his vehicle.").

Accordingly, the trial court erred in denying Hunt's motion for judgment of acquittal as to the possession of a conveyance charge. We therefore reverse that conviction and sentence only. We affirm Hunt's judgment and sentences in all other respects, as well as the resulting revocation of the probation he had been serving in circuit court case number 2015-CF-004832.

Affirmed in part; reversed in part.

VILLANTI and LUCAS, JJ., Concur.