# Supreme Court of Florida

_____

No. SC19-470
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-03.**

February 6, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions.

We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee filed a report proposing amendments to existing standard

criminal jury instruction 25.13(f) ([Ownership] [Lease] [Rental] of a Place for

[[Trafficking in] [Sale of] a Controlled Substance] [Manufacturing a Controlled

Substance Intended for Sale or Distribution]), and new standard criminal jury

instructions 25.13(g) (Possession of a Place for [[Trafficking in] [Sale of] a

Controlled Substance] [Manufacturing a Controlled Substance Intended for Sale or

Distribution]) and 25.13(h) (Possession of a Place Used to Manufacture a

Controlled Substance Intended for Sale or Distribution (Minor Present or in Residence)).  Previously, the Committee published the proposals in *The Florida Bar News*; no comments were received by the Committee.  We authorize for publication and use instruction 25.13(f) as amended by the Committee, and new instructions 25.13(g) and 25.13(h) with the modification discussed below.

New instructions 25.13(g) and 25.13(h) instruct upon the offenses codified in section 893.1351, subsections (1) and (2), Florida Statutes (2019), respectively, track the statutory language, and include relevant definitions.  We modify the Committee's proposal to include the term "trailer" within the applicable elemental and definitional portions of the instructions.  The instructional language included in each pertaining to "possession" is consistent with that previously authorized. *See In re Std. Jury Instrs. in Criminal Cases—Report 2017-03*, 238 So. 3d 182, 183 (Fla. 2018).  In addition to the elements and the definition portions of the instructions, instruction 25.13(g) includes a comment reflecting that a special instruction may be required to address the nexus between the "conveyance," "place," "trailer," or "structure," and the drug activity, citing *Hunt v. State*, 256 So. 3d 243 (Fla. 2d DCA 2018), and *Delgado-George v. State*, 125 So. 3d 1031 (Fla. 2d DCA 2013), and both instructions include a comment that a special instruction will be required if the defense is that the defendant did not know of the illicit nature of the controlled substance, citing section 893.101, Florida Statutes.

Having considered the Committee's report, we authorize for publication and use existing instruction 25.13(f) as proposed and new instructions 25.13(g) and 25.13(h) as modified, and as set forth in the appendix to this opinion.[1]  New language is indicated by underlining.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

1.  The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at https://jury.flcourts.org.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

   for Petitioner

# APPENDIX

## 25.13(f)  [OWNERSHIP] [LEASE] [RENTAL] OF A PLACE FOR [[TRAFFICKING IN] [SALE OF] A CONTROLLED SUBSTANCE] [MANUFACTURING A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION]
§ 893.1351(1), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Insert name(s) of controlled substance(s)) **[is a] [are] controlled substance[s].**

**To prove the crime of [Ownership] [Lease] [Rental] of a Place for [[Trafficking in] [Sale of] a Controlled Substance] [Manufacturing a Controlled Substance Intended for Sale or Distribution], the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **[owned] [leased] [rented] any [place] [structure [or part thereof]] [conveyance].**

2. **At that time,** (defendant) **knew the [place] [structure [or part thereof]] [conveyance] would be used for the purpose of [Trafficking in** (insert name(s) of controlled substance)**] [Sale of a Controlled Substance] [Manufacture of a Controlled Substance that was intended for sale or distribution to another].**

*Inference. Give if applicable. § 893.1351(4), Fla. Stat.*
**You may conclude that cannabis was intended for sale or distribution upon proof of the possession of 25 or more cannabis plants.**

*§ 893.02(3), Fla. Stat.*
**"Cannabis" means all parts of any plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.**

*Definitions. Give as applicable.*
*§ 810.011(1), Fla. Stat. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*

A "**structure**" is any building of any kind, either temporary or permanent, which has a roof over it together with the curtilage. The "curtilage" is the enclosed land adjoining the structure. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]

*§ 810.011(3), Fla. Stat.*
A "**conveyance**" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car.

*Insert elements of Trafficking alleged, if applicable.*

"**Sell**" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*§ 893.02(15)(a), Fla. Stat.*
"**Manufacture**" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.

*Give if applicable.*
The term "**manufacture**" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:

1.   A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2.   A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.

**Lesser Included Offense**

If a person owns, leases, or rents a place knowing that the place will be used for trafficking, sale or manufacture of drugs, then the person is guilty of

Trafficking, Sale, or Manufacture of drugs as an aider or abettor. Therefore, Trafficking or Sale or Manufacture are Category One lesser included offenses depending on what is charged. Moreover, Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of various amounts of drugs. Trial judges must review not only the evidence but also the charging document to determine all of the appropriate lesser included offenses.Attempted Trafficking in a Controlled Substance has a higher maximum penalty than the crime in § 893.1351(1), Fla. Stat., and therefore is not listed as a lesser included offense below.

| [OWNERSHIP] [LEASE] [RENTAL] OF A PLACE FOR [[TRAFFICKING IN] [SALE OF] A CONTROLLED SUBSTANCE] [MANUFACTURING A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION] — 893.1351(1) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempted [Sale] [Manufacture] of a Controlled Substance | 777.04(1) & 893.13 | 5.1 & 25.2 or 25.3 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

It is unlawful to sell or manufacture all of the controlled substances listed in §893.02, Florida Statutes. However, only certain controlled substances qualify for prosecution under the trafficking statute, § 893.135, Florida Statutes. Accordingly, the exact nature of the substance must be proven if the State is prosecuting under the trafficking prong of § 893.1351(1), Florida Statutes.

A special instruction will be required if the defense is that the defendant did not know of the illicit nature of the controlled substance. *See* § 893.101, Fla. Stat.

§ 893.1351(1), Florida Statutes, requires that the place will be used for certain drug-related activity while § 893.1351(3), Florida Statutes, requires that the place was being used to manufacture a controlled substance. *See Zeigler v. State*, 198 So. 3d 1005 (Fla. 1st DCA 2016).

A special instruction may be required to address the nexus between a conveyance, place, structure, and the drug activity. *See Hunt v. State*, 256 So. 3d

243 (Fla. 2d DCA 2018) and *Delgado-George v. State,* 125 So. 3d 1031 (Fla. 2d DCA 2013).

This instruction was adopted in 2018 [238 So. 3d 192] and amended in 2020.

## 25.13(g)  POSSESSION OF A PLACE FOR [[TRAFFICKING IN] [SALE OF] A CONTROLLED SUBSTANCE] [MANUFACTURING A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION]
§ 893.1351(2), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Insert name(s) of controlled substance(s)) **[is a] [are] controlled substance[s].**

**To prove the crime of Possession of a Place for [[Trafficking in] [Sale of] a Controlled Substance] [Manufacturing a Controlled Substance Intended for Sale or Distribution], the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **was knowingly in possession of a [place] [structure [or part thereof]] [trailer] [conveyance].**

2. **At the time,** (defendant) **knew the [place] [structure [or part thereof]] [trailer] [conveyance] would be used for the purpose of [Trafficking in** (insert name(s) of controlled substance)**] [Sale of a Controlled Substance] [Manufacture of a Controlled Substance that was intended for sale or distribution to another]**.

*Inference. Give if applicable. § 893.1351(4), Fla. Stat.*
**You may, but are not required to, infer that cannabis was intended for sale or distribution upon proof of the possession of 25 or more cannabis plants.**

*§ 893.02(3), Fla. Stat.*

- 8 -

**"Cannabis" means all parts of any plant of the genus *Cannabis*, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.**

*Definitions. Give as applicable.*
*§ 810.011(1), Fla. Stat. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**A "structure" is any building of any kind, either temporary or permanent, which has a roof over it together with the curtilage. The "curtilage" is the enclosed land adjoining the structure. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*
**A "conveyance" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car.**

*Insert elements of Trafficking alleged, if applicable.*

**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*§ 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

**1. A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

**2.    A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Possession.*
**To prove** (defendant) **"possessed a [place] [structure [or part thereof]] [trailer] [conveyance]," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [place] [structure [or part thereof]] [trailer] [conveyance], and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over a [place] [structure [or part thereof]] [trailer] [conveyance] regardless of whether it is near a person or in a completely separate location. Mere proximity to a [place] [structure [or part thereof]] [trailer] [conveyance] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [place] [structure [or part thereof]] [trailer] [conveyance] or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a [place] [structure [or part thereof]] [trailer] [conveyance] may be sole or joint, that is, two or more persons may possess a [place] [structure [or part thereof]] [conveyance].**

**Lesser Included Offenses**

| POSSESSION OF A PLACE FOR [[TRAFFICKING IN] [SALE OF] A CONTROLLED SUBSTANCE] [MANUFACTURING A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION — § 893.1351(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempted Trafficking of a Controlled Substance | 777.04(1) & 893.135 | |
| | Attempted [Sale] [Manufacture] of a Controlled Substance | 777.04(1) & 893.13 | 5.1 & 25.2 or 25.3 |
| | [Ownership] [Lease] [Rental] of a Place for [[Trafficking in] [Sale of] a Controlled Substance] [Manufacturing a Controlled Substance Intended for Sale or Distribution] | 893.1351(1) | 25.13(f) |
| | Attempt | 777.04(1) | 5.1 |

## Comments

It is unlawful to sell or manufacture all of the controlled substances listed in § 893.02, Fla. Stat. However, only certain controlled substances qualify for prosecution under the trafficking statute, § 893.135, Fla. Stat. Accordingly, the exact nature of the substance must be proven if the State is prosecuting under the trafficking prong of § 893.1351(2), Fla. Stat.

A special instruction will be required if the defense is that the defendant did not know of the illicit nature of the controlled substance. *See* § 893.101, Fla. Stat.

A special instruction may be required to address the nexus between a conveyance, place, structure, trailer, and the drug activity. *See Hunt v. State*, 256 So. 3d 243 (Fla. 2d DCA 2018) and *Delgado-George v. State,* 125 So. 3d 1031 (Fla. 2d DCA 2013).

§ 893.1351(1) and (2), Fla. Stat., require that the place *will* be used for certain drug-related activity while § 893.1351(3), Fla. Stat., requires that the place *was* being used to manufacture a controlled substance. *See Zeigler v. State*, 198 So. 3d 1005 (Fla. 1st DCA 2016).

This instruction was adopted in 2020.


## 25.13(h)  POSSESSION OF A PLACE USED TO MANUFACTURE A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION (MINOR PRESENT OR IN RESIDENCE)
§ 893.1351(3), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Insert name(s) of controlled substance(s)) **[is a] [are] controlled substance[s].**

**To prove the crime of Possession of a Place Used to Manufacture a Controlled Substance Intended for Sale or Distribution (Minor Present or in Residence), the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was knowingly in possession of a [place] [structure] [trailer] [conveyance].**

2. **At the time,** (defendant) **knew the [place] [structure] [trailer] [conveyance] was being used to manufacture a controlled substance that was intended for sale or distribution to another.**

3. **At the time,** (defendant) **knew or should have known that a minor was present or resided in the [place] [structure] [trailer] [conveyance].**

*Inference. Give if applicable. § 893.1351(4), Fla. Stat.*
**You may, but are not required to, infer that cannabis was intended for sale or distribution upon proof of the possession of 25 or more cannabis plants.**

*§ 893.02(3), Fla. Stat.*

- 12 -

**"Cannabis"** means all parts of any plant of the genus *Cannabis*, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.

*Definitions. Give as applicable.*
*§ 810.011(1), Fla. Stat. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**A "structure" is any building of any kind, either temporary or permanent, which has a roof over it together with the curtilage. The "curtilage" is the enclosed land adjoining the structure. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*
**A "conveyance" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car.**

**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*§ 893.02(15)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.**

*Give if applicable.*
**The term "manufacture" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:**

**1.   A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.**

**2.   A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.**

*Possession.*
**To prove** (defendant) **"possessed a [place] [structure] [trailer] [conveyance]," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [place] [structure] [conveyance], and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over a [place] [structure] [trailer] [conveyance] regardless of whether it is near a person or in a completely separate location. Mere proximity to a [place] [structure] [trailer] [conveyance] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [place] [structure] [trailer] [conveyance] or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a [place] [structure] [trailer] [conveyance] may be sole or joint, that is, two or more persons may possess a [place] [structure] [trailer] [conveyance].**

*§ 847.0137(1)(a), Fla. Stat.*
**"Minor" means any person less than 18 years of age.**

**Lesser Included Offenses**

- 14 -

| POSSESSION OF A PLACE USED TO MANUFACTURE A CONTROLLED SUBSTANCE INTENDED FOR SALE OR DISTRIBUTION (MINOR PRESENT OR IN RESIDENCE) — § 893.1351(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Manufacture of a Controlled Substance | | 893.13(1)(a) | 25.2 |
| | Contributing to the delinquency of a minor | 827.04(1) | 16.4 |
| | Manufacture methamphetamine and other drugs in presence of child younger than 16 | 893.13(1)(g) | -- |
| | Attempt | 777.04(1) | 5.1 |

## Comments

The crimes in §§ 893.1351(1), and 893.1351(2), Fla. Stats., are not necessary lesser included offenses because they have an element that is not present in § 893.1351(3), Fla. Stat. Specifically, § 893.1351(1) and (2), Fla. Stats., require that the place *will* be used for certain drug-related activity while § 893.1351(3), Fla. Stat., requires that the place *was* being used to manufacture a controlled substance. *See Zeigler v. State*, 198 So. 3d 1005 (Fla. 1st DCA 2016).

A special instruction will be required if the defense is that the defendant did not know of the illicit nature of the controlled substance. *See* § 893.101, Fla. Stat.

This instruction was adopted in 2020.